H. WELLMAN VS. THE TERRITORY OF OKLAHOMA.

*Error from Payne County.*

Dismissed.

PER CURIAM: This case comes here from the probate court of Payne county. The plaintiff in error was charged by the county attorney of Payne county with unlawfully, wilfully and lewdly distributing a lascivious, obscene and indecent writing to M, and divers other persons. Upon trial by jury a verdict of guilty was returned, and judgment was rendered against him, and a fine of one hundred dollars imposed by the court. The defendant below brings the case here making eighteen assignments of error.

No printed abstract of the record or of the points relied upon for a reversal of the judgment is furnished. The pages of the transcript of the record are not numbered. No brief has been filed in the case by counsel for plaintiff in error.

The Code of Civil Procedure, ch. 66, § 4632, authorizes "the judges of the supreme court to revise their general rules, and make such amendments thereto as may be required to carry into effect the provisions of this code, and to make such further rules, consistent therewith, as they may deem proper. The rules so made shall apply to the supreme court, district court, and probate courts."

In pursuance of the power thereby conferred, this court has adopted the following rules:

"21. Appellants and plaintiffs in error, in all cases in the supreme court, shall prepare a printed abstract of the record in each case, in which they shall set forth the title of the case, with the date of the filing of all papers in the court below, and a brief statement of the contents of each pleading, and shall set forth fully the points of the pleadings or evidence, and the points relied upon for the reversal of the

judgment or decree. The clerk of the court below shall also number each page of the transcript of the record, and appellants and plaintiffs in error shall refer to the same in the margin of the abstract in such manner that orders, pleadings and evidence referred to in the abstract may be easily found on the record. They shall file with the clerk of this court, for the use of the appelle or defendant in error and judges of this court, five copies of such abstracts, on or before the first day of the term, unless for good cause the time for filing abstracts shall be extended.

"25. The brief of the counsel for appellant or plaintiff in error shall contain a statement of the errors relied upon, and the authorities to be used in the argument, and five copies thereof shall be filed with the clerk of this court, on or before the first day of the term, unless for good cause shown the time shall be extended. One of the copies may be withdrawn by the counsel for appellee or defendant in error, and the others shall be for the use of the justices of this court."

These rules are authorized and are mandatory. It would be hard to conceive a case in which the plaintiff in error could have more entirely failed to comply with them. The appeal is, therefore, dismissed.