### J. W. DAVIS v. D. H. HULL.

ELECTIONS—*Cities of the First Class.* Justices of the peace, in cities of the first class, must be elected at the general election held biennially in November, and § 1, ch. 33, Laws 1893, held to control the date of such elections.

*Error from the District Court of Oklahoma County.*

An action in *mandamus* begun in the court below by D. H. Hull against J. W. Davis, to obtain possession of the books, records and paraphernalia of the office of justice of the peace in Oklahoma City, Oklahoma county. Judgment for Hull in the court below. Davis brings up the case. The opinion states the facts.

*Redick, Lewis & Snyder*, for plaintiff in error.

*Amos Green & Son*, for defendant in error.

Davis v. Hull.

The opinion of the court was delivered by

DALE, C. J.:   May 14, 1894, D. H. Hull instituted a proceeding in *mandamus* in the district court of Oklahoma county against J. W. Davis to obtain possession of the books, records and paraphernalia pertaining to the office of justice of the peace.   The relator, in his petition for the writ, alleged, in substance, that he was qualified to hold the office of justice of the peace; that he was a candidate for such office at the election held in April, 1894, and that said election was a regular city election for the election of city officers and two justices of the peace in the city of Oklahoma City; that he received a majority of the votes cast at such election, and was duly elected, and received a certificate of such election from O. A. Mitscher, mayor of said city; that he had duly qualified as a justice of the peace, and was entitled to the office and all records pertaining thereto; that he had demanded possession of the same, and was refused, and he prayed a writ of *mandamus* against said J. W. Davis, requiring him to turn over and deliver all the books, dockets and papers in the custody of said Davis to him, Hull, as his successor in office.

Davis answered and denied that his term of office expired at the time of the alleged election and qualification of the relator; he alleged that he was elected justice of the peace for the township of Oklahoma City in April, 1892, had duly qualified, and was in possession of the office under such election, and denied that the election referred to in the petition for *mandamus* was held for the election of a justice of the peace to succeed him, or to hold the office of justice of the peace.   Upon the petition and answer, the court below rendered a judgment in favor of Hull, and issued a mandatory order requiring Davis to turn over all dockets, books, papers, records,

etc., in his custody and possession, pertaining to the office of the justice of the peace.

Davis, in his appeal, alleges error:

1. In the decision of the court below holding that the relator was duly elected to the office in question.

2. In holding that the relator's term of office commenced prior to January, 1895.

The questions involved in this case must be wholly determined under our statute, and all the provisions we have bearing upon this subject are:

First. Section 8, ch. 14, Laws of 1890, which reads as follows:

"The annual election in cities of the first class, shall be held on the first Tuesday in April, 1891, and each year thereafter. At the annual election, in 1891, there shall be elected a mayor, city clerk, police judge, city treasurer, city attorney, city assessor, treasurer of the school board, one councilman and one member of the school board from each ward, who shall hold their office for two years, and one councilman, and one member of the school board, from each ward, who shall hold their office for one year; all officers elected thereafter shall hold their office two years, and until their successors are elected and qualified."

This section was passed by the legislative assembly, and approved December 25, 1890. On the same day the legislature passed another act, entitled "Townships and Township Officers," ch. 83, Laws of 1890, and provided in §§ 43, 44, of such chapter, as follows:

"SEC. 43. No city of more than one thousand five hundred inhabitants shall be included within the corporate limits of any township, but each of such cities shall constitute a township for the purpose of electing justices of the peace and constables, as provided in this act, and for the exercise of the powers, and jurisdiction of such officers, as prescribed by law. In such cities, said officers shall be elected at the regular city election.

"SEC. 44. No change or alteration of the boundaries of a township or a city shall vacate the office of any justice elected and residing therein, but such justice shall be a justice of the township or city into which he may be thrown by such change or altercation, and shall hold his office for the term for which he was elected. Constables shall also be subject to the provisions of this section,"

Under the pleadings above set forth, it was shown that Davis was elected a justice of the peace of the township of Oklahoma City at the city election in 1892, and was exercising the functions of the office at the time this action was brought, and if Hull recovers, it must be on the strength of his own title.

On March 13, 1893, we find that the legislature, by general law, in § 1, ch. 33, fixed the date upon which all township officers should be elected. This section reads:

"General elections for the purpose of electing a delegate to congress, members of the legislature, and all other county, township, and district officers shall be held on the Tuesday succeeding the first Monday in November, 1894, and biennially thereafter."

This being a later act, and general in its nature must, if applicable, govern. Section 48, ch. 80, *supra*, intends to, and does, create a township out of a city for the purpose of the election of a justice of the peace, and the general law, § 1, ch, 33, *supra*, fixing the time of their election at the regular biennial election, which was held on the Tuesday succeeding the first Monday in November, 1894, appears to have changed the date when justices of the peace should be elected in cities from April to November. The election held at Oklahoma City in April, 1894, in so far as it relates to justices of the peace, is a nullity. Hull, not being legally entitled to the office, the mandate requiring Davis to turn over the office and records, was improvidently issued, and the judgement of the court below is reversed, and the case remanded.

Scott, J., having presided at the trial in the court below, not sitting; all the other Justices concurring.