HENRY STEIL v. THE TERRITORY OF OKLAHOMA.

APPEAL—*Dismissed for Failure to File Briefs.* In a criminal case, when an appeal, if filed, to reverse a judgment of conviction, and counsel for appellant fail to file briefs, the judgment of the trial court will not be reversed where no prejudicial error appears upon the face of the record.

*Error from the District Court of Kingfisher County.*

*J. C. Roberts* and *Hobbes & Kane,* for plaintiff in error.

*C. A. Galbraith,* Attorney General, and *J. B. Moffet,* for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: The appellant was, at the February, 1894, term of the district court of Kingfisher county, Oklahoma, indicted, charged with the crime of murder, and at the October term following was tried and convicted of manslaughter in the first degree, and by the court sentenced to serve a term in the penitentiary for a period of twenty years. To reverse the case the defendant below appeals, and the entire record of the proceedings in the court below were filed in the supreme court of this Territory, December 24, 1895. No briefs were filed by counsel for appellant, and on June 1, 1896, a motion to dismiss for failure to file briefs was presented by C. A. Galbraith, attorney general, and at the June sitting of this court it was decided to assign the case for examination, and if after such examination it was found that no prejudicial error appeared on the face of the record, the motion should be allowed.

Upon examination of the record it is found that a motion to quash the indictment was filed, overruled, and exception allowed; that a demurrer was filed to the indictment, which was also overruled and exception allowed. The indictment fails to charge the crime of murder, under our statutes, but does contain averments sufficient to place the defendant upon his trial for the crime of manslaughter in the first degree, and consequently sustains the verdict of the jury.

The evidence clearly justified a conviction of the crime of manslaughter in the first degree, and after a careful examination of the entire proceedings had in the trial court, we fail to find wherein the court below committed prejudicial error in any of its rulings or upon any matter coming before the court in the trial of the case. We

therefore sustain the motion to dismiss, and affirm the judgment of the court below.

McAtee, J., having presided at the trial of the cause below, not sitting; all the other Justices concurring.