JOHN Y. FOUST v. THE TERRITORY OF OKLAHOMA.

(Filed June 30, 1900.)

BRIEFS—*Failure to File on Appeal—Dismissal.* Under the provisions of rule 6, on a failure of either party to furnish copy of briefs as provided for in said rule, it is within the descretion of the court whether said cause be continued, dismissed, or the judgment reversed or affirmed.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before*

*John L. McAtee, District Judge.*

*Lee M. Gray* and *Antrobus* and *Stevens,* for plaintiff in error.

*J. C. Strang, Attorney General,* and *O. D. Hubbell, County Attorney,* for defendant in error.

STATEMENT OF THE CASE.

This case is brought here on error from Garfield county. The error assigned is that the district court of Gar

field county, on the 5th day of December, 1899, made a final order in said cause, overruling a motion of defendant to retax the costs incurred in the probate court, from whence said cause had been appealed.

Opinion of the court by

IRWIN, J.: We think this appeal should be dismissed for non-compliance with rule 7 of the rules of practice of the supreme court of this Territory.

Rule 7 reads as follows:

"In all criminal appeals in which the territory or the United States is a party, and in all civil causes in which the territory or the United States is a party, or in which any of the property of the territory or the United States is involved, counsel shall serve their briefs upon the attorney general, or the United States district attorney—such service to be made as in civil cases, provided in rule 6, concerning the service of briefs on other counsel."

Rule 6 is as follows:

"In each civil cause counsel for plaintiff in error shall furnish a copy of his brief to counsel for defendant in error at least thirty days before the first day of court, and the counsel for defendant in error shall furnish a copy of his brief to counsel for plaintiff in error at least ten days before the first day of said term. Proof of service of the briefs must be filed with the clerk of the court seven days prior to the first day of said term. In case of a failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or affirm or reverse the judgment."

In this case the records of this court fail to show that any briefs were ever prepared by the plaintiff in error, or served upon the county attorney, or the attorney general, or any one else representing the defendant in

error, or that any proof of service of briefs was ever filed in this court.

Now we are aware that this court has been very reluctant to dismiss a criminal case on account of the failure to furnish and file briefs, and heretofore have favored that portion of the rule which gives the court the right to hear and determine the cause on its merits, notwithstanding the failure to furnish and file briefs. But in this present case, as it involves only the re-taxing of costs, we think justice requires that the plaintiff in error should be held to a strict compliance with the rule for furnishing and serving briefs and filing proof thereof.

This requirement of the rule having been entirely disregarded, by the plaintiff in error, this appeal should be dismissed, which is accordigly done.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.