CHARLES F. HIATT v. THE TERRITORY OF OKLAHOMA.

(Filed September 2, 1904.)

NO BRIEF FILED—Rule. In a criminal cause appealed by the defendant, where no brief is filed by the plaintiff in error, the court will not diligently search the record to discover errors, but will look only to the jurisdiction of the court, the sufficiency of the indictment and the regularity of the judgment.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Jno.
H. Burford, Trial Judge.*

*Rob't A. Lowry,* for plaintiff in error.

*J. C. Robberts, Attorney General,* for defendant in error.

·Opinion of the court by

PANCOAST, J.:   This action was commenced in the dis-
·drict court of Payne county.   The indictment was for mur-
der.   The defendant was tried and convicted of manslaught-
·er in the second degree, and sentenced to imprisonment for
the term of two years, from which judgment he appeals.

No briefs have been filed, and no errors have been pointed
·out except as is shown by the petition in error.   The petition
contains seven assignments of error.   The first tests the
sufficiency of the indictment, the second and third go to
the introduction and exclusion of evidence, the fourth re-
fers to giving special instructions numbered one and two,
the fifth goes to instructions Nos. 10, 11, 13, 14, 15, and 18,
the sixth refers to instructions Nos. 1 and 2 as modified, and
the seventh refers to the overruling of the motion for new
trial.

We have examined the indictment carefully, and think
it contains all the averments necessary for a good indict-
ment for murder.   The second and third assignments refer
to the evidence in very general terms, and instead of point-
ing out some particular statement of a witness which is
·claimed to be objectionable, or some particular evidence which
was sought to be introduced, and to which objections were
·sustained, the court is referred to pages 40 to 270, inclusive,
where the errors may be found.   This includes the entire

transcript of the evidence in the case, and we are left to conjecture as to what particular portions of the evidence the plaintiff in error complains of.

In criminal causes appealed by the defendant, where no brief is filed by the plaintiff in error, the court will not diligently search the record to discover errors, but will look to the jurisdicton of the court, the sufficiency of the indictment, and the regularity of the judgment.

Following this rule, we have examined the record, and fail to discover anything that affects the substantial rights of the defendant. The trial seems to have been in all respects regular, the indictment regularly found, the trial regularly had, the defendant being at all times present, and being represented by able counsel, and a very carefully prepared set of instructions given to the jury in writing.

We see no error in any one of them. In fact, we think that the interests of the defendant were very carefully guarded in each particular. The judgment is in all respects regular.

There being no error in the record, the judgment of the court below is affirmed, and said cause is remanded to the district court of Payne county, with directions to the clerk of that court to immediately issue a commitment, and the sheriff shall forthwith execute the same by delivering the prisoner to the warden of the penitentiary, as in the judgment required.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.