T. R. RICE and W. H. QUINETTE, *Partners Doing Business Under the Firm Name of* RICE & QUINETTE, v. C. C. HAMMOND, *Sheriff of Comanche County, Oklahoma Territory.*

(Filed September 5, 1907.)

(91 Pac. 698.)

**TAXATION—Property Subject—Personalty on Military Reservations.**
The taxing officers of Comanche county, Oklahoma, have the lawful right to levy and collect taxes on personal property belonging to private individuals and located on the Fort Sill military reservation, which is wholly within such county and constitutes a part thereof. The legislative power of the territory extends to all rightful subjects of legislation, and the only property which congress has prohibited the territory from taxing is the property of the United States.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

Affirmed.

*Parmenter & Myers,* for plaintiffs in error.

*S. M. Cunningham,* and *Frank P. Cease,* for defendant in error.

Opinion of the court by

BURWELL, J.: T. R. Rice and W. H. Quinette were partners in the cattle business, the firm name being Rice & Quinette. They owned quite a lot of cattle which were located on the Fort Sill military reservation, in Comanche county, Oklahoma. The taxing officers assessed these cattle for territorial, county, township, and school district purposes. The owners of the cattle commenced this action against the sheriff of Comanche county (a tax warrant having been placed in his hands), praying that he be enjoined

from levying such tax warrant upon the property of the plaintiffs. On a hearing for a temporary injunction the court enjoined the collection of the district school tax on the ground that none of the plaintiffs' property had been located within such district, and denied the injunction as to the other taxes.

The sole contention of the plaintiffs is that, inasmuch as these cattle were located on a military reservation of the United States, even though such reservation is within an organized county of Oklahoma, they cannot be taxed under the territorial laws, asserting that a military reservation is under the sole legislative control of the United States. We have read counsel's brief, and while it is true that, as long as Oklahoma remains a territory, congress may legislate as to all matters pertaining to this reservation and exclude the territorial authorities from exercising any control thereof, it has not done so. By section 6 of the organic act of the territory of Oklahoma, it is provided:

"That the legislative power of the territory shall extend to all rightful subjects of legislation, not inconsistent with the constitution and laws of the United States, but no law shall be passed interfering with the primary disposal of the soil, no tax shall be imposed on the property of the United States, nor shall the lands and other property of nonresidents be taxed higher than the lands or other property of residents, nor shall any law be passed impairing the right of private property, nor shall any unequal discrimination be made in taxing different kinds of property, but all property subject to taxation shall be taxed in proportion to its value."

Under this express grant of power from congress, the territory may subject all property within the territory to taxation except the property of the United States. It is immaterial where the property is located. If it is not the property of the United States, the legislature may require it to bear its just proportion of the burdens of government. A military reservation in a territory is no more under the legislative control of congress than is an Indian reservation; and it has been expressly held by the supreme court of the United States that the territory may tax

property on an Indian reservation, even though it is not located within an organized county, but only attached to an organized county for judicial purposes. *Thomas v. Guy,* 169 U. S. 264, 18 Sup. Ct. Rep. 340, 42 L. Ed. 740; *Polson v. Purcell,* 4 Okla. 93, 46 Pac. 578; *Wagoner v. Evans,* 170 U. S. 588, 18 Sup. Ct. Rep. 730, 42 L. Ed. 1154; *Steil v. Territory,* 4 Okla. 497, 46 Pac. 1117; *Truscott, Co. Treas., v. Hurlbut Land & Cattle Company,* 73 Fed. Rep. 60; *Foster v. Pryor,* 189 U. S. 325, 23 Sup. Ct. Rep. 549; *A. T. & S. F. R. Co. v. Bryan,* 11 Okla. 357, 66 Pac. 348. See, also, *Ft. Leavenworth R. Co. v. Rowe,* 114 U. S. 525, 5 Sup. Ct. Rep. 995, 29 L. Ed. 264.

Under the laws of the territory of Oklahoma the property in question is subject to taxation in Comanche county. The property of the United States located in this reservation or anywhere else in the territory cannot be taxed. The territory is expressly prohibited as to such taxation by the organic act. But should congress exclude the territory from taxing the property of the plaintiff simply because it is located on this reservation? It did not intend to do so, nor has it done so. Counsel have overlooked the fact that congress has not only exclusive legislative control over military reservations in the territories, but it has legislative control of the territories themselves. The Fort Sill military reservation is within the organized county of Comanche and constitutes a part thereof. The persons and property within such reservation have the protection of the laws of the territory, and it is only equitable that the property therein not belonging to the United States should pay a part of the expenses of the same. If congress had intended that the property on this or other reservations in the territory should not be taxed. it would have so declared, as it did with reference to property of the United States and property belonging to certain Indians. As the property in question was within an organized township of an organized county of the territory the power exists to exact taxes for all three purposes, to wit, territorial, county, and township.

The judgment of the lower court is affirmed. Costs taxed to appellant.

Gillette, J., who presided in the court below, not sitting; Irwin, J., absent: all the other Justices concurring.