JOHN HANCE v. STATE.

No. 276.   Opinion Filed March 17, 1909.

(100 Pac. 260.)

1.   **APPEAL—Writ of Error—Duty to Point Out Error.** The Criminal Court of Appeals, where no briefs have been filed on behalf of the plaintiff in error, will not diligently search the record to discover errors, and the judgment of the trial court will be affirmed where no prejudicial error appears upon the face of the record.

2.   **SAME.** Where an appeal is taken in a criminal case, and no briefs are filed, this court will examine the information, the instructions of the court and the exceptions taken thereto, and the judgment and sentence, and if error is not apparent the judgment will be affirmed.

3.   **SAME.** In criminal cases appealed by the defendant, where no brief is filed by the plaintiff in error, this court will look only to the jurisdiction of the court, the sufficiency of the information, and the regularity of the judgment.

4.   **SAME.** Where the plaintiff in error was convicted upon a trial by jury with violating the prohibitory law and appeals from the judgment of conviction, and no briefs are filed or argument presented, it is not the duty of this court to go into an examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony, or determine the sufficiency of the evidence to sustain the conviction.

(Syllabus by the Court.)

*Appeal from Okmulgee County Court; J. L. Newhouse. Judge.*

John Hance was convicted of a violation of the prohibitory law, and brought error to the Supreme Court, whence the cause is transferred to the Criminal Court Appeals. Affirmed and remanded, with directions.

*Fred S. Caldwell,* for the State.

DOYLE, JUDGE. On February 19, 1908, the plaintiff in error (hereinafter designated as defendant) was informed against in the county court of Okmulgee county, Okla., charged with a

violation of the prohibitory law, and, having been duly arraigned, entered a plea of not guilty. On March 6, 1908, he was tried, and a verdict of guilty returned by the jury. On March 20, 1908, a motion for a new trial having been filed, same was overruled and exceptions allowed. Defendant was then by the court sentenced to be confined in the county jail of Okmulgee county for a term of 90 days and to pay a fine of $100 and costs. From this judgment and sentence defendant appealed to the Supreme Court of Oklahoma, and the petition in error and case-made, duly signed and certified, together with proper notices of appeal, was filed in the office of the clerk of said court on July 3, 1908. Said cause was duly transferred from the Supreme Court to the Criminal Court of Appeals, as by law provided, and was submitted at this, the March, 1909, term of this court, on the motion of the attorney for the state that said judgment be affirmed, on the ground that no briefs have been filed for defendant, and for examination of the record upon the assignments set forth in the petition.

No briefs have been filed, and no errors' have been pointed out, except as shown by the petition in error. The petition sets forth four assignments of error, as follows:

"First. Said court erred in overruling the motion for a new trial. Second. Said court erred in entering said judgment. Third. Said judgment overruling the motion for a new trial is contrary to law. Fourth. Said judgment is contrary to the evidence."

It will be seen that the assignments of error relied upon for a reversal in this case refer to the evidence only in a general way, and we are left to conjecture as to what particular portions of the record defendant complains of; but we suppose his contention is that the evidence as a whole is insufficient to sustain the judgment. In cases of this kind, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. Upon an examination of the record we find no prejudicial error.

This court approves the rule enunciated in the case of *Hiatt*

*v. Territory of Oklahoma,* 14 Okla. 363, 78 Pac. 81, wherein Justice Pancoast, expressing the opinion of the court, says:

"In criminal causes appealed by the defendant, where no brief is filed by the plaintiff in error, the court will not diligently search the record to discover errors, but will look to the jurisdiction of the court, the sufficiency of the indictment, and the regularity of the judgment."

Following this rule we have examined the information and the motion for a new trial, together with the affidavits filed in support of the same, as shown by the record, and the judgment and sentence, and we are unable to perceive any error which would warrant a reversal of the case; the judgment being in all respects regular.

There being no error in the record that affects the substantial rights of the defendant, the judgment of the county court of Okmulgee county is in all things hereby affirmed, at the cost of defendant, and the case is remanded to said county court, with directions to carry the judgment and sentence into effect.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.