## SHORTY BURGESS V. STATE.

No. 106. Opinion Filed October 25, 1909.

(104 Pac. 916.)

**APPEAL AND ERROR—Dismissal.** In a criminal cause, where the defendant appeals from a judgment of conviction, and no briefs are filed or oral argument made, and where a dismissal of said appeal is filed by counsel of defendant, this court will not examine the record as presented, but will make an order dismissing the appeal, with direction to enforce the judgment and sentence.

(Syllabus by the Court.)

*Appeal from Grady County Court; N. M. Williams, Judge.*

Shorty Burgess was convicted of violating the prohibition law, and appeals. Dismissed.

*F. E. Riddle,* for plaintiff in error.

*B. B. Barefoot,* Co. Atty., for the State.

DOYLE, JUDGE.  The plaintiff in error, Shorty Burgess, was informed against, tried, and convicted, in the county court of Grady county, for the crime of ' unlawfully selling intoxicating liquors, and was on the 28th day of October, 1908, sentenced to pay a fine of $250 and costs, and be confined in the county jail of Grady county for a period of 30 days at hard labor, from which judgment and sentence plaintiff in error appealed to the Criminal Court of Appeals, by filing on March 1, 1909, with the clerk of this court, his petition in error and case-made.

No briefs have been filed, and we are not advised as to what plaintiff in error complains of or relies upon for a reversal of said judgment.  On October 21, 1909, there was filed with the clerk of this court a dismissal of said appeal by F. E. Riddle, as attorney for plaintiff in error.  In cases of this kind, where motion to dismiss the appeal has been filed on the part of the plaintiff in error, we do not consider it the duty of this court to go into an examination of the record as presented to determine whether or not the trial court erred in the trial of the cause.

It is therefore ordered that the appeal in the above-entitled cause be, and the same is hereby dismissed.  The clerk of this court will issue a mandate to the county court of Grady county, directing said county court to cause the judgment and sentence to be enforced.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.