## WILL STARR v. STATE.

No. A-94.  Opinion Filed November 21, 1910.

**APPEAL AND ERROR—Failure to File Briefs — Scope of Review.**
When no brief is filed pointing out the specific errors relied upon, the record will only be examined for fundamental errors.

(Syllabus by the Court.)

*Appeal from District Court, Latimer County; M. E. Rosser, Judge.*

Will Starr was convicted for grand larceny, and appeals. Affirmed.

*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE.  What purports to be the record in this case does not contain the testimony of the witnesses or the instructions of the court to the jury.  The information in the record charged the defendant with the larceny of a certain brown mare.  No objection was made to the information in the court below and none is presented here.  The information is sufficient.

The record contains the following entry:

"A jury was empaneled and proof on behalf of the state was introduced but no proof was introduced on behalf of the defendant. Before the state had concluded its testimony the defendant withdrew his plea of not guilty and entered a plea of guilty and thereupon the court instructed the jury that they might from the plea of guilty find a verdict of guilty as charged in the information, but if they desired to deliberate on the case to retire for that purpose and thereupon the jury, without leaving the court room and without leaving their seats, rendered the following verdict: 'We the jury duly empaneled and sworn in the above styled cause do upon our oaths find the defendant Will Starr guilty as charged in the information in said cause. J. R. Nation, Foreman.' "

The judgment is in regular form and assesses the punishment of the defendant at confinement in the state penitentiary at Lansing, Kansas, for a period of two years.

No briefs have been filed in this court on behalf of the defendant. There is nothing in the record except the information, the plea of guilty and the judgment. No error appearing, the judgment of the lower court is in all things affirmed, and the judgment is amended so as to provide for the confinement of the defendant in the state penitentiary at McAlester.

DOYLE and RICHARDSON, JUDGES, concur.