## KNOX SIMMONS v. STATE.

No. A-228.   Opinion Filed December 7, 1910.   Motion for Rehearing Denied December 17, 1910.

**APPEAL—Abandonment—Failure to File Briefs.** Counsel have no right to appeal simply for the purpose of delay, nor unless they believe there is some ground for reversal, and if there is any reason for appealing, even though doubtful and inconclusive, it should be presented to the court for consideration.

(Syllabus by the Court.)

*Appeal from District Court, Carter County; S. H. Russell, Judge.*

Knox Simmons was convicted of grand larceny and appeals. Affirmed.

*Charles West,* Attorney General, and *Smith C. Matson,* Assistant Attorney General, for the State.

DOYLE, JUDGE.   Knox Simmons, plaintiff in error, was charged by indictment in the district court of Carter county with the crime of grand larceny. Upon a trial had in said court, the jury returned a verdict finding the defendant guilty as charged, and assessed his punishment at imprisonment in the penitentiary for a period of four years. The judgment and sentence was entered on December 28, 1908. From such judgment an appeal was properly perfected by filing in this court, on July 26, 1909, a petition in error with case-made attached, and proof of service of notices of appeal.

The plaintiff in error has not been represented by counsel on his appeal, although he was ably represented and well defended upon the trial in the court below. No briefs have been filed, nor argument made in this court. On May 14, 1910, the Attorney General filed a motion to affirm the judgment for want of prosecution. It is apparent that this appeal was taken merely for the purpose of delay. Counsel have no right to appeal simply for the purpose of delay, nor unless they believe there is some

ground for reversal, and if there is any reason for appealing, even though doubtful and inconclusive, it should be presented to the court for consideration, or some sufficient reason given for the failure so to do.

From a careful examination of the record it is clear that a fair and impartial trial was had. Wherefore the judgment of the district court of Carter county is in all things affirmed.

FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.

## ON MOTION FOR REHEARING.

1.  **TRIAL—Conduct of Counsel.** Attorneys must treat each other and the trial courts with fairness and good faith, and not resort to sharp practice in the trial of criminal cases.

2.  **TRIAL—When Trial Begins.** In a criminal case a trial begins when the jury are called into the box to be examined as to their qualifications.

(Syllabus by the Court.)

PER CURIAM. Counsel for the appellant has filed a motion for a rehearing in this case upon the ground that fundamental error appears in the record which was overlooked in the original opinion of this court, in this: that the defendant had presented an affidavit to the court alleging bias and prejudice on the part of the trial judge against the defendant, and that the filing of this affidavit disqualified the judge from trying this case. This would have been true, under the law then in force with reference to a change of judge, if it had been presented to the trial court before the trial began. In the case of *Caples v. State*, 3 Okla. Cr. 73, this court held that a trial begins when the jury is called into the box for examination as to their qualifications. We find in the case-made a statement by the trial judge to the effect that when this case was called for trial, the county attorney announced ready for trial, and that R. F. Turner, defendant's counsel, answered "All right"; and that, after twelve jurors had taken their

seats in the jury box and the state was called upon to test them upon their *voir dire*, Mr. R. F. Turner approached the desk of the court and asked permission of the court to withdraw defendant's plea of not guilty, that he might enter a demurrer to the indictment. The court said to him, "To the indictment?" and he replied "Yes"; and that the court granted his request, and that the said R. F. Turner then offered his motion and affidavit for a change of judge. The court overruled the motion. We agree with the trial court in holding that the motion for a change of judge came too late. It should have been presented before the parties had announced ready for trial and the jury were called into the box. From the statement of the trial judge it is clear that counsel for the defendant attempted to take advantage of the confidence of the court in order that he might have an opportunity to present the motion for a change of judge. The permission to withdraw his plea and announcement was granted him by the court, and was for one purpose only. It is evident that counsel for the defendant knew that his motion for a change of judge was presented too late, or he would not have resorted to the subterfuge which he attempted to practice upon the court. If counsel for appellant had, through inadvertence, neglected to present the motion for a change of judge in proper time, and desired to act in good faith with the trial judge, why did he not frankly state this fact to the judge and request permission to withdraw his announcement of ready for trial in order that he might present the motion for a change of judge? Why resort to a misstatement of fact? This court has time and again held that attorneys should treat each other and the court with fairness and good faith, and should defend their cases upon their merits. When counsel do not do this, but attempt sharp practice and resort to unfair methods, they must not expect to receive favorable consideration at the hands of this court. If our admonitions are not heeded, we may be compelled to resort to more drastic measures, for we are determined to put a stop to unfairness in the trial of criminal cases.

The trial court did not err in overruling the motion for change of judge under the circumstances. The motion for rehearing upon this question is therefore denied.