## BOB BRAZIEL v. STATE.

No. A-645.   Opinion Filed May 16, 1911.

(115 Pac. 618.)

1.   APPEAL—Review—Formal Technicalities Not   Involving   Sub-
stantial Rights.   Where the guilt of a defendant is clearly estab-
lished by the evidence, it is utterly useless for attorneys to ap-
peal such cases to this court upon mere formal technical ques-
tions which do not involve some substantial rights of their clients.
If men will violate the law, they need not look to this court for
sympathy or assistance.

2.   APPEAL—Reservation of Grounds   of   Review—Sufficiency of
Exception.   Where counsel for appellant reserve a general excep-
tion to the instructions of the court to the jury, such general ex-
ception will not be considered upon appeal.

(Syllabus by the Court.)

*Appeal from Carter County Court; I. R. Mason, Judge.*

Bob Braziel was convicted of violating the prohibitory liquor law, and he appeals. Affirmed.

*William Pfeiffer,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. Appellant was convicted for a violation of the prohibitory liquor laws of Oklahoma, and his punishment was assessed at a fine of $50 and confinement in the county jail for a period of 30 days.

Every question of law presented in behalf of appellant has been previously decided by this court adversely to the contentions here made. It therefore would be a useless consumption of time to discuss these questions again.

If counsel for appellant will read the decisions of this court, they will see how useless it is to appeal cases upon mere formal technicalities, which do not involve any substantial right of the party upon trial, and which have time and again been settled by the decisions of this court. Counsel in his brief attempts to raise a number of objections to the instructions of the court given to the jury, and contends that at the trial of said cause he reserved exceptions to the instructions given. The record, however, does not sustain this contention.

At the conclusion of the instructions given by the trial court, we find the following: "To which charge the defendant duly in open court excepted." This is a general exception and is not worth the paper it is written on. We have carefully examined the instructions of the court and find no material error therein. We do not think that it would be possible to establish more clearly the guilt of a defendant by human testimony than the record in this case establishes the guilt of the appellant. In the light of the testimony, we cannot understand why or how it was the jury gave appellant the minimum punishment. Instead of appealing to this court for a reversal, he should have returned profound thanks to the jury for not giving him a fine of $500 and sending him to jail for six months. If people want to keep out of jail in Oklahoma, they must refrain from violating the laws of the state.

Men who violate the laws need expect no sympathy or assistance from this court.

The judgment of the trial court is in all things affirmed.

ARMSTRONG and DOYLE, JUDGES, concur.