## WILL HESS v. STATE.

No. A-1593. Opinion Filed June 4, 1913.

(132 Pac. 505.)

1. APPEAL AND ERROR—Briefs—Review. Where an appeal is taken and no briefs are filed on behalf of appellant pointing out the specific errors relied upon. this court will not do more than read the evidence to see if it supports the verdict, and examine the record for jurisdictional errors; and, if none such appear, the judgment will be affirmed.

2. SAME—Regularity of Proceedings—Presumption. This court does not act upon the presumption that everything which was done in the lower court is erroneous until it is shown to be correct, and is not hunting for excuses to set aside verdicts and judgments; but, on the contrary, we act upon the presumption that all proceedings in the trial court are proper and regular until it is shown that such is not the case. The appellant assists in the selection of the jury, and he thereby vouches to this court for their intelligence, fairness, and integrity. Being thus recommended, the court must accept the verdict of the jury and the judgment entered thereon as being correct, unless the appellant clearly points out errors committed by the judge or jury.

3. SAME—Exceptions to Instructions—Sufficiency. General exceptions to instructions will not be considered upon appeal. The specific objection relied upon must be called to the attention of the trial court, so that the error, if any, may be corrected and the possibility of injury avoided, otherwise the error, unless fundamental, will be held to be waived.

(Syllabus by the Court.)

*Appeal from District Court, Choctaw County;*
*A. H. Ferguson, Judge.*

Will Hess was convicted of murder, and he appeals. Affirmed.

*Richardson & Warren,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J. The appeal in this cause was perfected by filing the transcript of the record in this court on the 15th day of January, 1912. But counsel has never appeared in this court or filed a brief in behalf of appellant. When the case was reached for submission the Assistant Attorney General stated that he had received a letter from some attorneys asking that they be granted time in which to file a brief. We cannot comply with this request, in the absence of a showing why briefs were not filed within the time required by the rules of this court. Counsel have had nearly eighteen months in which to file briefs, but it appears that they have been busy about something else. When lawyers take appeals to this court it is their duty to pay some attention to their business. They cannot say to the court, "Wait until I have nothing else to do and then I will file a brief." This practice will not be tolerated for a single moment. Our docket is already crowded with cases, and we are now worked to the limit of human endurance. To sanction such practice as that requested would be to demoralize our entire docket.

We have so often passed upon the necessity of filing briefs that it would seem that at least those persons who profess to be lawyers should know what the rules of this court are and would conform to them. We dislike to have to discuss this question again; but, as counsel appear either to have forgotten or never acquainted themselves with the practice in this court, we will quote from the case of *Price v. State,* 5 Okla. Cr. 147, 113 Pac. 1061, as follows:

"We are at a loss to understand why it is that counsel take an appeal to this court and fail to prosecute said appeal by filing a brief pointing out the specific errors upon which

they rely. Every facility for filing briefs on the part of those who take appeals is offered by this court. They can be prepared without expense and with very little labor, as we permit typewritten briefs to be filed. Counsel must know that in cases of this kind, where an appeal is taken and no brief is filed, except in case of the gravest character, the court will not examine the record for other than jurisdictional errors appearing therein. This rule has always been enforced in Oklahoma. See *Wellman v. Territory*, 2 Okla. 152, 37 Pac. 1066; *Steil v. Territory*, 4 Okla. 497, 46 Pac. 1117; *Territory v. Brady*, 4 Okla. 514, 46 Pac. 573; *Foust v. Territory*, 10 Okla. 214, 61 Pac. 923; *While v. Territory*, 11 Okla. 172, 65 Pac. 835; *Hiatt v. Territory*, 14 Okla. 363, 78 Pac. 81; *Manning v. United States*, 14 Okla. 604, 78 Pac. 92; *Picklesimer v. Territory*, 15 Okla. 193, 79 Pac. 777; *Hance v. State*, 2 Okla. Cr. 124, 100 Pac. 260; *Lightle v. State*, 2 Okla. Cr. 334, 101 Pac. 608; *Banks v. State*, 2 Okla. Cr. 339, 101 Pac. 610; *Sturgis v. State*, 2 Okla. Cr. 362, 102 Pac. 57; *Price v. United States*, 2 Okla. Cr. 449, 101 Pac. 1036, 139 Am. St. Rep. 930; *Elerick v. State*, 2 Okla. Cr. 701, 103 Pac. 1038; *Belt v. State*, 2 Okla. Cr. 705, 103 Pac. 1069; *Burgess v. State*, 3 Okla. Cr. 127, 104 Pac. 916; *Pulliam v. State*, 3 Okla. Cr. 141, 104 Pac. 919; *Meeks v. State*, 3 Okla. Cr. 391, 106 Pac. 533; *House v. State*, 3 Okla. Cr. 467, 106 Pac. 806; *Teels v. State*, 3 Okla. Cr. 646, 108 Pac. 415; *Stack v. State*, 4 Okla. Cr. 1, 109 Pac. 126; *Starr v. State*, 4 Okla. Cr. 128, 111 Pac. 668; *Walling v. State*, 4 Okla. Cr. 414, 111 Pac. 1001; *Simmons v. State*, 4 Okla. Cr. 489, 112 Pac. 35; *Bonner v. State*, 4 Okla. Cr. 639, 111 Pac. 1020.

"Previous to statehood, if briefs were not filed in the United States Court of Appeals of the Indian Territory within the time allowed by the court, the appeal would be arbitrarily dismissed. See *Poe v. United States*, 6 Ind. T. 142, 89 S. W. 1020.

"In the case of *Knox Simmons v. State*, 4 Okla. Cr. 489, 112 Pac. 35, Doyle, Judge, speaking for this court, said: 'The plaintiff in error has not been represented by counsel on his appeal, although he was ably represented and well defended upon the trial in the court below. No briefs have been filed nor argument made in this court. On May 14, 1910, the Attorney General filed a motion to affirm the judgment for want of prosecution. It is apparent that this appeal was taken

merely for the purpose of delay. Counsel have no right to appeal simply for the purpose of delay nor unless they believe there is some ground for reversal; and if there is any reason for appealing even though doubtful and inconclusive, it should be presented to the court for consideration, or some sufficient reason given for the failure so to do.'

"There are three good and sufficient reasons which support the rule requiring that briefs must be filed: First. The Attorney General's office is overcrowded with work, and it is unfair to that department, already burdened as it is, to be called upon to file a reply brief for the state when no brief has been filed on the part of appellant. Every presumption must be indulged in favor of the regularity of the proceedings of the lower court, and he who complains of a want of such regularity has the burden of showing where such irregularity exists, and how he has been deprived of a substantial right thereby. When no such showing is made, the judgment of the trial court should be affirmed, unless it appears upon the face of the record that the court was without jurisdiction. Second. It is unfair to the public, when our docket is already crowded with cases which should be disposed of, to require the judges of this court to spend time in examining the record in each case to see if errors were not committed by the trial court, although none are complained of. Third. It is unfair to the members of this court, who are already burdened with work to the limit of human endurance, to expect its members to search records for errors, either real or supposed, of which counsel for appellant do not complain, and of which they think so little that they have not taken even the time and trouble to call the attention of the court to them. Where counsel perfect an appeal and fail to file briefs, it is equivalent to saying to the members of this court, 'I have taken this appeal only for the purpose of delay,' or, 'I do not know it, and I want you to get out a search warrant and see if you can find any.' This is just what we understand when a cause is submitted and we find that briefs have not been filed. Owing to the great multiplicity of appeals that have been taken, we are now over one year behind with our work, although we give it our entire and undivided time and attention. We cannot act in the double capacity as counsel for parties and as a court.

"This court does not act upon the presumption that every-

thing which was done in the lower court is erroneous until it is shown to be correct, and is not hunting for excuses to set aside verdicts and judgments; but, on the contrary, we act upon the presumption that all proceedings in the trial court are proper and regular until it is shown that such is not the case. The appellant assists in the selection of the jury, and he thereby vouches to this court for their intelligence, fairness, and integrity. Being thus recommended, the court must accept the verdict of the jury as being correct, unless the appellant clearly points out errors committed by the judge or jury. It is the duty of this court to decide questions properly submitted to it; and, when no briefs have been filed, except in cases of the gravest character, we will not do more than examine the record for jurisdictional errors."

The information in this case is correct. The evidence clearly establishes the guilt of appellant.

We have read the instructions, and we find no fundamental errors therein. When the instructions of the court were read to the jury, counsel for the defendant stated that they would reserve an "open exception to the instructions of the court." The attorneys who represented the defendant in the trial court appear to have been as careless about their exceptions to the instructions of the court as they have been about filing briefs in this court. It has been repeatedly held that where counsel desire to reserve an exception to an instruction they must point out the particular paragraph of the instructions objected to and state the grounds of the objection, so that the trial court may have an opportunity to correct the error complained of. A general exception will not be considered for a single moment, as it is unfair to the judge and the opposing counsel. See *Boutcher v. State,* 4 Okla. Cr. 576, 111 Pac. 1006; *Braziel v. State,* 5 Okla. Cr. 540, 115 Pac. 618. If this court were to tolerate practice of this kind the result would be to encourage carelessness upon the part of counsel.

We find no material error in the record. The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.