## HENRY BALLARD v. STATE.

No. A-3005—Opinion Filed July 26, 1919.

(182 Pac. 524.)

**HOMICIDE—Assault with Intent to Kill—Sufficiency of Evidence.** In a prosecution for assault with intent to kill, the evidence considered, and held sufficient to sustain the conviction, and that no reversible error was committed on the trial.

*Appeal from District Court, Delaware County;*
*John H. Pitchford, Judge.*

Henry Ballard was convicted of assault with intent to kill, and he appeals. Affirmed.

*J. Berry King*, for plaintiff in error.

The Attorney General and *W. C. Hall*, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Henry Ballard, was convicted in the district court of Delaware county on an information charging that in said county, on or about the

19th day of December, 1915, he did shoot with intent to kill, one William Sheldon, with a breech-loading shotgun, and his punishment was fixed at imprisonment in the penitentiary for eight years. From the judgment and sentence in accordance with the verdict, an appeal was perfected by filing in this court on May 14, 1917, petition in error with case-made.

The evidence for the state tended to show that the shooting occurred on a public road near Beavers Springs; that William Sheldon, a deputy United States marshal, and another officer were camped by the roadside waiting for whisky runners, and the defendant and another person drove by in a wagon, and the officers followed them and ordered them to stop, and the defendant fired three shots at them, one of the shots striking Sheldon in the side. There were about 20 gallon jugs of whisky in the wagon driven by the defendant.

As a witness in his own behalf, the defendant testified :

"My name is William H. Ballard, better known as Henry Ballard. I live at Tahlequah. I went to the still-house for a load of whisky and got it. Another fellow was there who had two gallons of whisky, and I let him put his whisky in my wagon, and we started back and got down to Beavers Springs. There is where the shooting took place. The first thing that attracted my attention, the fellow with me grabbed up the gun. I started to jump out of the wagon, and I was shot. I did not know the fellow that was with me. I walked back to Siloam and got a buggy and went home. I did not fire the shot. The fellow that was with me fired the shot. The whisky in the wagon, except his two gallons, belonged to me."

The errors assigned are, in effect, that the court erred in overruling the demurrer to the information, and in overruling a motion for a change of venue, and in rulings

on the admission of evidence, and in certain instructions given to the jury, and that the verdict is contrary to the law and the evidence. No brief had been filed and no appearance made for plaintiff in error when the case was called for submission. In cases of this kind, we do not consider it the duty of the court to go into an examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. We have examined the information, the instructions of the court, and we have discovered no error which would warrant a reversal of the judgment.

In *Love v. State,* 15 Okla. Cr. 429, 177 Pac. 387, it is said:

"Under our statutes, a peace officer has the right, and it is his duty, to arrest one who is committing a public offense in his presence and to use such force as may be necessary to effect the arrest, and if the person committing the offense resists arrest, and in so doing kills the officer, he is guilty of murder, if he knew that the person attempting to make the arrest was an officer, and at least guilty of manslaughter in the first degree if he did not know it.

"The officer being in the right, and in the discharge of his duty, the person resisting arrest does it at his peril, and, if he kills, he is guilty of murder or manslaughter, as it may appear that he knew or did not know the character in which the officer was acting. In *Collegenia v. State,* 9 Okla. Cr. 425, 132 Pac. 375, it is said:

" 'An arrest by a peace officer without a warrant for a public offense committed or attempted in his presence, made in substantial compliance with the terms of the statute, is a legal arrest, which no one can lawfully resist, and the officer may use whatever force is reasonably necessary to prevent an escape and secure the offender; but the officer must use no more force and violence than is reasonably necessary to secure the arrest.' "

The evidence was sufficient to support the verdict, and there was no abuse of discretion by the court below in refusing to grant a change of venue.

We find no error in the record, and the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.