## WILL SMITH v. STATE.

No. A-9730.   July 17, 1940.
(104 P. 2d 1009.)

David Tant, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J.  The information filed in the district court of Oklahoma county April 2, 1938, in substance,

charges that in said county, on the 7th day of February, 1937, Will Smith did unlawfully, willfully, and feloniously commit the crime of disposing of mortgaged property, in that he did sell to the Norton-Johnson Buick Company a certain automobile, theretofore mortgaged to the R. F. Campbell Finance Company, for the sum of $225, said selling of said mortgaged automobile being without the knowledge or consent of the said mortgage holder, with the unlawful and felonious intent of said defendant to deprive the said mortgage holder of the security represented by the said mortgaged automobile.

The record shows that a jury was waived. On March 11, 1939, plaintiff in error was by the court sentenced to be imprisoned in the county jail for a period of 120 days, and that he pay the costs.

A new trial having been denied, he appealed from the judgment by filing in this court on September 11, 1939, a petition in error with case-made attached.

No brief has been filed on his behalf and no appearance was made for oral argument when the cause was called for hearing and final submission.

The rule has long been established in this court that where the defendant appeals from a judgment of conviction and no brief is filed or oral argument made, this court will examine the record and the evidence, and if no error prejudicial to the substantial rights of the defendant is apparent, will affirm the judgment. Walker v. State, 60 Okla. Cr. 302, 303, 64 P. 2d 935; Owens v. State, 60 Okla. Cr. 324, 64 P. 2d 1234.

Upon a careful examination of the record, the court finds the information is sufficient, that the evidence was sufficient to support the conviction, and the record discloses no fundamental error.

It follows that the judgment should be and the same is hereby affirmed.

BAREFOOT and JONES, JJ., concur.