# ROY BOOTH v. STATE.

No. A-9826.   Oct. 1, 1941.

(117 P. 2d 805.)

John Steele Batson, of Marietta, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   Roy Booth and Howard E. Kemp were jointly charged in the district court of Love county with the crime of forgery in the second degree in six different cases.   At the request of the defendants, the cases were consolidated, and all of the evidence presented to the same jury, which returned separate verdicts of guilty against each defendant in all six cases.   The defendant Roy Booth was sentenced to serve a term of six months in the State Penitentiary on each of said charges, pursuant to the verdict of the jury; and he has appealed to this court.

The defendant Kemp did not appeal from the judgment pronounced against him.

The procedure followed in these cases, in trying all of the cases at the same time, is very unusual. Insofar as this court is advised, it is the first time such novel procedure has been used in criminal cases. Such procedure of consolidation is quite generally adopted in the trial of civil cases, but it is unusual for a defendant and his counsel to request or even agree to such a procedure. However, no question is raised as to this form of procedure. The district court had jurisdiction of the person and of the subject matter; and we see no valid reason why, if requested by the defendant, such procedure may not be followed.

This case has been submitted to this court without briefs and without oral argument; and in such cases, it is the rule of this court to search the record for fundamental error only; and if none is found and the evidence is sufficient to sustain the conviction, the judgment of the trial court will be affirmed.

We have carefully examined the record; and the evidence, although mostly circumstantial as to the defendant Booth, is sufficient in our opinion to show that the defendants, Booth and Kemp, went to the town of Marietta; that the defendant Booth forged several checks, and the defendant Kemp passed these checks as forged by Booth in several of the mercantile establishments in Marietta, receiving money and merchandise in exchange for the forged checks.

A handwriting expert testified on behalf of the state that the handwriting of the forged checks was the handwriting of the defendant Booth. Several witnesses connected the defendants, Booth and Kemp, as being seen

together at various places outside of the stores where the checks were passed.

Defendants had rented a tourist cabin together, and some of the groceries and merchandise secured from the checks were brought to the cabin by Booth and Kemp, together, and unloaded. There are many other circumstances pointing towards the guilt of the defendant, and, when considered as a whole, are sufficient to sustain the judgment of conviction on each of the six charges.

We have examined the record and find the instructions fairly present the issues to the jury. There were no requested instructions and no exceptions to any of the instructions given by the court; and after a search of the record, we have found no errors of sufficient importance to require a reversal of these cases.

It is, therefore, ordered that the judgment of the district court of Love county be, and the same is hereby, affirmed in each of the six cases involved herein.

BAREFOOT, P. J., and DOYLE, J., concur.