WALTER FRICKENSCHMIDT v. STATE.

No. A-9866.   Oct. 29, 1941.

(118 P. 2d 668.)

Paul R. Haunstein, of Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Walter Frickenschmidt, was charged by information on October 26, 1939, in the district court of Garfield county, Okla., with embezzlement of 15 head of cattle belonging to A. Kirkpatrick, was tried, convicted and sentenced to serve one year in the State Penitentiary, from which judgment and sentence he appeals to this court.

A petition in error and case-made were filed in this court on May 17, 1940. No briefs were filed, and no oral argument had.

Petition in error sets out misconduct of the county attorney, error of the court in admitting incompetent evidence and in giving certain instructions, and that the verdict is contrary to the law and the evidence.

Evidence for the state showed that defendant was allowing 15 head of prosecuting witness' cattle to graze on his land for a consideration; that on the 9th of September, 1939, prosecuting witness sold a wheat drill to defendant for $125. Both the prosecuting witness, Kirkpatrick, and his wife signed a receipt for the money received from defendant on that date. (The receipt shows the date as September 6, 1939). That defendant altered the receipt by changing $125 to $525 and adding the words "fifteen head mixed cattle."

The evidence further shows that on August 18, 1939, defendant mortgaged 67 head of cattle to the First State Bank of Covington. This mortgage included prosecuting witness' cattle.

On September 8, 1939, defendant sold 19 head of cattle, including the 15 claimed by prosecuting witness, through the Wright-Halliburton Live Stock Commission Company of Oklahoma City; defendant gave his name as owner of the cattle, and the check for the cattle was made payable to defendant and cashed by him. That Kirkpatrick had never sold the cattle to defendant and did not authorize defendant to sell the cattle.

In his defense, the defendant claimed to have bought the cattle from Kirkpatrick for $400 at the time he bought the drill for $125, and paid $525 to Kirkpatrick, as evidenced by the receipt executed by prosecuting witness at that time.

This conflicting evidence raised an issue of fact for the determination of the jury.

In Smith v. State, 70 Okla.Cr. 81, 104 P.2d 1009, it is stated:

"In a felony case where defendant appeals from a judgment of conviction, and no brief is filed or oral argument made, this court will examine the record and the evidence and, if no error prejudicial to the substantial rights of the defendant is found, the judgment of the trial court will be affirmed." Hance v. State, 2 Okla. Cr. 124, 100 P. 260.

The evidence offered by the state was amply sufficient to support the conviction; however, we do not consider it the duty of the court to minutely examine the evidence to determine whether the trial court erred in the admission or rejection of testimony, where there is no brief filed nor oral argument made. Ballard v. State, 16 Okla.Cr. 263, 182 P. 524.

We have carefully considered the record, and find no error which would warrant a reversal of the judgment.

The judgment and sentence of the district court of Garfield county is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.