## HERSHELL BRANCH v. STATE.

No. A.-9882.   Nov. 5, 1941.
(118 P. 2d 1043.)

Jack L. Spivey, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Hershell Branch, was charged by information in the district court of Oklahoma county, on August 5, 1939, with burglary in the first degree, tried, convicted and sentenced to serve seven years in the State Penitentiary at McAlester, Okla., and appeals to this court.

Petition in error and case-made were filed in this court on June 6, 1940.   No briefs have been filed and no oral argument made.

Counsel for defendant sets out in the petition in error that the evidence is insufficient to support the conviction, error of law occurring at the trial, and error in the court's instructions.

This court has many times held that in a felony case where defendant appeals from a judgment of conviction, and no brief is filed or oral argument made, this court will examine the record and the evidence and, if no error prejudicial to the substantial rights of the defendant is found, the judgment of the trial court will be affirmed. Frickenschmidt v. State, 73 Okla. Cr. 136, 118 P. 2d 668; Smith v. State, 70 Okla. Cr. 81, 104 P. 2d 1009; Hance v. State, 2 Okla. Cr. 124, 100 P. 260.

The record discloses that a full-blood Indian positively identified the defendant, a negro porter, as being the man who entered his room at the Villa Hotel, in Oklahoma City, and took $13 in cash from his pants pocket. There were other circumstances corroborating the story of the prosecuting witness. The defendant had just recently been released from the State Penitentiary, where he had served time by reason of a conviction of a similar charge while he was porter at another hotel.

We have read this record carefully and find the evidence is sufficient to support the conviction, the instructions of the court proper, and no error of law prejudicial to the substantial rights of defendant.

The judgment and sentence of the district court of Oklahoma county is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.