CHARLIE GORDON v. STATE.

No. A-10069.   Nov. 25, 1942.

(131 P. 2d 503.)

W. W. Miller, of Tahlequah, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Houston B. Teehee, Co. Atty., of Cherokee County, of Tahlequah, for defendant in error.

BAREFOOT, P. J. Defendant, Charlie Gordon, was charged in the district court of Cherokee county with the crime of rape in the first degree; was tried, convicted and sentenced by the court to serve a term of 15 years in the penitentiary, and has appealed. The only contention is that the evidence is insufficient to sustain the judgment and sentence.

Defendant was charged with raping Ila Jean Reed, the prosecutrix, who was of the age of 13 years and 11 months, on the night of October 23, 1940. The prosecutrix being under the age of 14 years, this charge was for statutory rape. By the terms of Oklahoma Statutes 1931, section 2518, O. S. A. (Stat. 1941) Title 21, § 1114, rape committed by a male of over 18 years of age upon a female under the age of 14 years is rape in the first degree. Under this statute the question of consent does not enter. The proof of sexual intercourse is sufficient to constitute the offense as rape in the first degree. The record in the instant case reveals that prosecutrix, Ila Jean Reed, resided with her father near the town of Eldon, in Cherokee county. Her mother died four years prior to the filing of this charge. The defendant was 73 years of age, unmarried, and lived in a one-room house in the country, near Tahlequah, and formerly had a widow as his housekeeper but she had gone away on a visit. He was in the city of Tahlequah on a Saturday. The evidence is conflicting as to the securing of prosecutrix

to do his housework. Her father testified that defendant approached him and wanted to hire prosecutrix. The defendant testified that the father came to see him and made request that he hire her, saying that he was very poor and was living in a tent and could not support his family cutting wood at 65 cents a cord and that she needed clothes and medicine. At any rate, the prosecutrix went to the home of defendant to do his housework. She had been there a period of but about ten days prior to the arrest of defendant. It was shown by the record that Grover Bishop, the sheriff of Cherokee county, Howard McCollum, a deputy, and the county attorney went to defendant's home on the night of October 23, 1940. They looked through the glass door and windows before entering. A light was burning dimly in the room. They saw defendant and prosecutrix in bed together and her small sister, 11 years of age, in another bed in the same room. They knocked on the door and defendant came to the door and opened it and was in his underwear. Prosecutrix was in bed when they entered. The sheriff and deputy both testified that defendant told them that "If you had been as late as Saturday there wouldn't have been anything to all this." He said he meant by this that he and prosecutrix were going to get married when she became 14 years of age. Both the sheriff and his deputy testified that defendant told them and the county attorney that he had had intercourse with the prosecutrix. The prosecutrix testified to the same state of facts and stated that she had slept with defendant in the same bed during the two weeks that she had been in his home. Defendant made the same statement after he was placed in jail. Certain statements he made with reference to this are unprintable. The testimony reveals that prosecutrix was afflicted with disease and that de-

fendant, who claimed to be a doctor by the making of medicine from certain roots and herbs, was giving the prosecutrix this medicine in order to effect a cure from the disease which she had. He told the officers he was not afraid of catching the disease because he knew how to prevent it.

Dr. R. K. McIntosh, Jr., testified that he examined prosecutrix on the 24th day of October, 1940, and that she showed that she had had intercourse and that her hymen was completely gone. In his opinion, this included a period of several months. The evidence reveals that prosecutrix had had intercourse with some one else prior to the time she came to keep house for defendant.

It is unnecessary to here state all of the evidence of defendant. He denied ever having had intercourse with the prosecutrix. His testimony was in direct conflict with that of the officers, as heretofore stated. His explanation of his conduct on the night of October 23, 1940, when the officers came to his home and found him in bed with prosecutrix, was evidently not believed by the jury. This was a clear question of fact for the jury, and under the decisions of this court, their verdict will not be set aside where the evidence is conflicting. Powell v. State, 11 Okla. Cr. 615, 150 P. 92; Leard v. State, 30 Okla. Cr. 191, 235 P. 245; Smith v. State, 72 Okla. Cr. 314, 115 P. 2d 925.

It is first contended that the evidence of the state is insufficient for the reason that the testimony of prosecutrix was not corroborated. This court has uniformly held that a verdict of guilty in a rape case may be sustained upon the uncorroborated testimony of prosecutrix. Johnson v. State, 5 Okla. Cr. 1, 112 P. 760; Malone v. State, 40 Okla. Cr. 102, 267 P. 486; Work v. State, 63 Okla. Cr. 433, 75 P. 2d 1161; Varner v. State, 69 Okla.

Cr. 294, 102 P. 2d 615; Alcorn v. State, 70 Okla. Cr. 386, 106 P. 2d 838; Allen v. State, 35 Okla. Cr. 64, 248 P. 655; Day v. State, 29 Okla. Cr. 49, 232 P. 122.

But this rule has been limited to the effect that we will carefully examine the record in cases of this character to see that the evidence of the prosecutrix is clear and convincing and is not inconsistent and incredible and contradictory. This exception is based upon the often-quoted statement of Sir Lord Hale, when he said:

"It must be remembered that this is an accusation easily to be made and hard to be proved and harder to be defended by the party, though ever so innocent." Morris v. State, 9 Okla. Cr. 241, 131 P. 731; Williams v. State, 61 Okla. Cr. 396, 68 P. 2d 530; Ferbrache v. State, 21 Okla. Cr. 256, 206 P. 617; Self v. State, 62 Okla. Cr. 208, 70 P. 2d 1083; MacLaurin v. State, 34 Okla. Cr. 324, 246 P. 669; Douglas v. State, 19 Okla. Cr. 257, 199 P. 927.

In the instant case there is nothing inconsistent, incredible, or contradictory in the testimony of the prosecutrix. She tells a straightforward story, and her testimony is corroborated in many ways; in fact, the only evidence to the contrary is the testimony of the defendant himself.

We have given careful consideration to the record before us and after this examination we have found no error which justifies us in reversing this case. The defendant was an old man, 73 years of age. The evidence reveals his intimacy with a young girl, under the age of 14 years, and while the imprisonment given him of 15 years virtually constitutes a life of imprisonment, it is not for this court to say that the same should be set aside. If leniency is to be shown, it can only be through the pardoning and parole power given to the Governor by the Constitution of this state.

Finding no error in the record, the judgment and sentence of the district court of Cherokee county is affirmed.

DOYLE and JONES, JJ., concur.