## JACK HOLLINGSHEAD v. STATE.

No. A-10376.    March 8, 1944.
(146 P. 2d 846.)

Floyd Freeman and Joe Simpson, both of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, J.   Defendant, Jack Hollingshead, was charged in the court of common pleas of Tulsa county with the crime of omitting to furnish necessary food, shelter and medical attention to his minor child, age two years; was tried before a jury, convicted and sentenced by the court to pay a fine of $250, and serve 90 days in the county jail, and has appealed.

The statute under which defendant was charged is 21 O. S. A. 1941 § 852, and is as follows:

"Every parent of any child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law to furnish necessary food, clothing, shelter or medical attendance for such child is guilty of a misdemeanor."

The case-made with petition in error attached was filed in this court on January 6, 1943.   The case was assigned for hearing on November 17, 1943.   No appearance was made by the defendant or his attorney, and an order

was entered giving the defendant 30 days in which to file brief. No brief has been filed. Rule 9 of this court is as follows:

"When no counsel appears and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears will affirm the judgment."

In construing this rule it has been universally held by this court that the record will be examined for fundamental error only, and if none is found, and there is competent evidence in the record to sustain the conviction, the judgment of the trial court will be affirmed. Booth v. State, 73 Okla. Cr. 67, 117 P. 2d 805; Nott v. State, 73 Okla. Cr. 139, 118 P. 2d 667; Branch v. State, 73 Okla. Cr. 154, 118 P. 2d 1043; Canady v. State, 73 Okla. Cr. 195, 119 P. 2d 256; Smith v. State, 72 Okla. Cr. 314, 115 P. 2d 925; Stone v. State, 72 Okla. Cr. 148, 114 P. 2d 184.

Following this rule we have examined the record in this case. It reveals that defendant was charged with the failure to provide in the manner provided by law for his two-year-old child. The defense presented was that he was not the father of the child. Upon this point there was some conflict in the evidence. It is revealed that the defendant, being confronted by the mother of the child and her mother, and he and his father told of her condition, he married her on the following day. After the birth of the child he lived with her for a short while, that they lived together as husband and wife, and he then left her. He later returned and told her of his desire to live with her again, and to make amends for the wrong he had done her. This he did, but shortly thereafter again abandoned his wife and the child. The evidence was that he had contributed nothing to the support and maintenance of his child,

who was two years old at the time of the trial. He had filed a petition for divorce at the time these charges were filed.

We have examined the information and the instructions of the court, to which there were no exceptions. The instructions in an excellent manner presented every issue involved in this case, and the jury returned a verdict of guilty. The court assessed the punishment as above stated. The defendant had a fair and impartial trial. By his failure to file a brief, we may well imply that this appeal was probably for delay. Owens v. State, 6 Okla. Cr. 110, 116 P. 345, 36 L. R. A., N. S., 633, 635, Ann. Cas. 1913B, 1218; Hunter v. State, 10 Okla. Cr. 119, 134 P. 1134, L. R. A. 1915A, 564, Ann. Cas. 1916A, 612.

This case well illustrates the trend of the times in which we live. In days past parties who committed even minor offenses were sought out and prosecuted to the limit of the law. But men who willfully and heedlessly abandoned their families and especially their minor children, without cause or provocation, were permitted to go unpunished. To my mind, the enforcement of this statute, 21 O. S. A. 1941 § 852, is one of the most important duties and responsibilities assumed by the law enforcement officers of this state. We note that the officers are now more efficiently making application of this statute in deserving cases. There is no crime much more detestable than the willful abandonment of their offspring by those whose duty and responsibility require that they perform this noble act and privilege. In behalf of this defendant, it may be said that he strongly contended that he was not the father of this child, and that was the reason given for its abandonment. As stated, this was a question for the consideration of the jury, and we think by his own acts he had assumed this duty and responsibility when he married the

240

mother of this child, and he should have lived up to his duty and responsibility.

The judgment of the court of common pleas of Tulsa county is affirmed.

JONES, P. J., and DOYLE, J., concur.