### HOOD v. STATE.

No. A-11251.   Nov. 8, 1950.

Rehearing Denied Dec. 13, 1950.

(225 P. 2d 1032.)

N. E. McNeill and Frank Leslie, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.   The appellant John Hood, defendant below, was charged by information in the court of common pleas of Tulsa county, Oklahoma, with the offense of the unlawful possession of intoxicating liquor, alleged to have been committed in his home at 1351 East Haskell, Tulsa, Oklahoma.   The information alleged that the defendant was in possession of 8 pints of Seagrams, 6 pints of Hill & Hill and 23 pints of Sunnybrook, all of said whisky being tax paid, which the defendant possessed with the unlawful intent on his part to barter, sell, give away and otherwise furnish in violation of the prohibitory laws of the State of Oklahoma.

The defendant, John Hood, was tried by a jury, convicted, and his punishment fixed at a fine of $200 and 30 days confinement in the county jail and judgment and sentence entered accordingly.

The appeal in this case was perfected herein on May 28, 1949, and was set for oral argument on June 28, 1950, at which time the said case was submitted for consideration upon the record.   We have examined the record and find no fundamental error in either the information, the evidence, instructions or any of the proceedings sufficient to warrant a reversal of the conviction had herein. We have repeatedly held that where the defendant appeals from a judgment of conviction and neither any brief is

filed nor appearance for oral argument made, this court will examine the record and the evidence and if no error prejudicial to the substantial rights of the defendant is apparent, will affirm the judgment. Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253; Smith v. State, 70 Okla. Cr. 81, 104 P. 2d 1009; Walker v. State, 60 Okla. Cr. 302, 64 P. 2d 935; Owens v. State, 60 Okla. Cr. 324, 64 P. 2d 1234.

The record discloses that the defendant was living at the hereinbefore named address in the city of Tulsa. The officers searched the premises and obtained the evidence under a valid search and seizure. The three officers conducting the search were Deputy Sheriffs Roy Raines, W. W. Whisenhunt and N. E. Gibson. They testified that the liquor as described in the information was found in the defendant's bathroom in the wall beneath a removable panel covered by a shelf and brackets upon which there was various kinds of medicines. They observed that the two screws at the bottom of the brackets were screwed into cracks and upon lifting up on the brackets the panel could be removed. Behind the panel and inside the wall they found the liquor. The defendant did not take the stand in his own behalf. His wife testified for him that they kept it for their own use. Mrs. Hood testified that the reason they kept the liquor in such a secretive place was to prevent neighbors from finding it in the icebox and drinking it. Other than this testimony in behalf of the defendant the defense was of little consequence. Upon this evidence the jury found the defendant guilty. The only conflict in the evidence was in relation to whether or not the defendant possessed the liquor for an unlawful purpose. This, of course, was a question of fact for the determination of the jury. We have repeatedly held that the findings

of the jury on a disputed question of fact will not be disturbed on appeal where there is sufficient competent evidence in the record to sustain the jury's findings. Wheaton v. State, 85 Okla. Cr. 132, 185 P. 2d 931; Bell v. State, 86 Okla. Cr. 314, 192 P. 2d 714, and Wire v. State, 87 Okla. Cr. 44, 194 P. 2d 212, wherein it was said the Criminal Court of Appeals will not reverse a case for insufficiency of evidence unless it can say that there is no substantial evidence in the record upon which the same could be based. Brown v. State, 81 Okla. Cr. 314, 164 P. 2d 401; Todd v. State, 82 Okla. Cr. 424, 172 P. 2d 345. Here the evidence clearly sustains the conviction. Finding the verdict sustained by sufficient evidence and being in all things according to law, the judgment and sentence herein imposed is hereby affirmed.

JONES, P. J., and POWELL, J., concur.