# RAMSEY v. STATE.

No. A-11453. July, 25, 1951.

(234 P. 2d 956.)

Charles W. Adams, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Willie Ramsey, hereinafter referred to as defendant, as in the lower court, was charged in the district court of Oklahoma county with rape in the first degree, charged to have been committed on a girl, Naomi Louise Turney, thirteen years of age; was tried before a jury, convicted and sentenced to serve a term of 15 years in the State Penitentiary, and has appealed. The sentence assessed was the minimum. 21 O. S. 1941 § 1115. A brief was due August 12, 1950.

No briefs have been filed, and no appearance on behalf of defendant was made at the time said cause was set for oral argument, on May 16, 1951. Under the rules of this court, where no briefs have been filed, nor appearance for oral argument is made, the record will be examined for fundamental error only, and if none is found the judgment will be affirmed. Wilson v. State, 89 Okla. Cr. 421, 209 P. 2d 512; Woods v. State, 92 Okla. Cr. 53, 220 P. 2d 463.

We have carefully examined the pleadings, instructions, and judgment, and find the same to be regular and in accordance with law. As to the evidence, the prosecutrix testified to the act of intercourse with the defendant at the time and place charged. It was with her consent, and she testified to two previous acts. Suspicious circumstances led to her admitting to her mother the last act. There was ample corroboration. Immediate medical examination disclosed the male sperm present. The defendant was over 45 years of age. The defendant was not arrested until several months following the act charged. He sought to evade arrest and ran and escaped the first time an officer sought to apprehend him, and ran the second time, but three officers were able to run him down.

The defendant testified, denied the act, and sought to establish an alibi. The court gave an appropriate instruction covering this defense. Defendant admitted previous convictions in Texas, Kansas, and Oklahoma. Neither previous conviction was for rape. He sought to prove that he was in a nearby beer garden at the time of the act charged. His witnesses were evasive and indefinite in their testimony. His mother denied that her son had her blue

Ford automobile, shown by the state to have been used by defendant at the time of the act charged, but the jury evidently did not believe her.

We find ample evidence in the record to support the findings of the jury.

No fundamental error is found. The judgment and sentence of the district court of Oklahoma county is accordingly affirmed.

BRETT, P. J., and JONES, J., concur.