## SCALES v. STATE.

No. A-11704.  Sept. 24, 1952.

(248 P. 2d 645.)

Ed Shipp, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Gervassie Scales was charged by information filed in the county court of McCurtain county with the unlawful sale of intoxicating liquor. A jury found her guilty and fixed the punishment at 30 days in the county jail, and a fine of $50, and she has appealed.

In support of its case, the state introduced the testimony of a deputy sheriff, and one Raymond McClure to whom it was charged the defendant sold the whiskey. The defendant testified in her own behalf, denying that she sold whiskey to the

74

prosecuting witness, and used one other witness, who was present in the home of defendant at the time the sale was alleged to have been made.

The testimony is highly conflicting, but the jury hearing the same returned a verdict of guilty, and this court has repeatedly held that where the record contains competent and substantial evidence from which the jury might reasonably conclude that the accused is guilty of the offense charged, the jury's verdict will not be interfered with on the ground that the evidence is insufficient to sustain the same. Hunt v. State, 81 Okla. Cr. 114, 161 P. 2d 82; Bisanar v. State, 93 Okla. Cr. 7, 223 P. 2d 795.

This appeal was filed in this court on January 19, 1952, and a brief was due to be served on the Attorney General and filed in this court within 30 days. No brief has been filed, and no extension of time has been asked. No appearance was made on behalf of defendant when the case was set for oral argument.

Where an appeal is submitted without briefs and without oral argument, it is the rule of this court to search the record for fundamental error only, and, if none is found, and there is competent evidence in the record to sustain the conviction, affirm the judgment. Booth v. State, 73 Okla. Cr. 67, 117 P. 2d 805; Ramsey v. State, 94 Okla. Cr. 278, 234 P. 2d 956.

We have carefully examined the record. The information was sufficient to charge the defendant with the offense of selling intoxicating liquor; the instructions fairly presented the issues to the jury, and the jury found defendant guilty. There were no requested instructions, and no exceptions to any of the instructions given by the court; and after a search of the record, we have found no errors sufficient to justify a reversal of this case.

The judgment of the county court of McCurtain county is therefore affirmed.

BRETT, P. J., and JONES, J. concur.