**Jimmy Lee ROSS, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13840.**

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1966.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, defendant below, was charged by information in two cases in the district court of Cleveland County, Oklahoma, with the crime of uttering and publishing a forged instrument. Defendant was duly arraigned on November 30, 1964 in the district court of said county, appearing in person and by his counsel, Malcolm Baucum, and entered his plea of not guilty in each case, and waived trial by jury. The two cases came on for trial before the court on January 25, 1965 and by agreement were consolidated.

Thereupon it was stipulated by the county attorney and the attorney for the defendant as to what the evidence would be, and no witnesses were offered by either party.

The informations involved herein had been, by permission of the court, amended to read, "uttering a forged instrument, second offense", and the proper charge was made as to defendant having been previously convicted of the offense of obtaining money and property by the use of a bogus check, in Payne County, Oklahoma. Counsel for defendant asked that the words "second offense" be stricken from the information in each case, "both at the top of the information and in the body thereof". The County Attorney announced that he had no objection, and the motion was sustained.

However, in announcing the stipulations, the county attorney stated: "If E. G. Schroder and Rose I. Jarvis were called to testify as witnesses, they would identify the defendant, Jimmie Lee Ross in district court cases No. 4550 and 4551 as being the same Jimmie Lee Ross who was convicted in the district court of Payne County, Oklahoma, case No. 2741, May 13, 1954, and sentenced to the state penitentiary for a period of two years." To which Mr. Baucum answered: "That's correct."

■ Thereafter there was offered in evidence what is known as a "London Letter", written by the defendant on September 10, 1962, in Payne County, Oklahoma. It was stipulated that if Ray Allen were called as a witness he would testify that he was present when the defendant Jimmie Lee Ross completed and filled out the London letter, that he saw him execute the same, and that the party who signed that letter was the identical Jimmie Lee Ross involved in the two cases before the court. Mr. Baucum agreed to this stipulation, but later objected to the introduction of this exhibit, for the reason that at the time said London Letter was written, September 10, 1962, the defendant was in jail in Payne County, Oklahoma with reference to then pending "check charges". The court overruled this objection, and admitted the instrument, and we think this was proper. This letter was a part of the public records of Payne County, and as such the county attorney of Cleveland County was entitled to introduce the same as evidence in this trial.

The petition in error with case made attached was filed in this Court on October 25, 1965. Brief of the defendant was due to be filed on or before November 25, 1965. No briefs have been filed in the case, which was assigned for oral argument for December 15, 1965, and no appearance in behalf of the defendant was made on that occasion.

■ It has often been held by this Court that where a defendant appeals from a judgment and sentence of conviction, and no briefs are filed and no appearance made on behalf of the appellant at any time, either before or after assigning the same for oral argument, this Court will examine the record, and if no error prejudicial to the substantial rights of the defendant is apparent, the judgment and sentence will be affirmed. Hogan v. State, 94 Okl.Cr. 170, 232 P.2d 641; Smith v. State, 70 Okl.Cr. 81, 104 P.2d 1009; Dawson v. State, 94 Okl.Cr. 92, 231 P.2d 413.

■ We have carefully examined the record and find the information sufficient to support the conviction for the crime of uttering a forged instrument. The record as a whole does not disclose any prejudicial error affecting the substantial rights of the defendant.

The judgment and sentence of the district court of Cleveland County, Oklahoma, is, accordingly, affirmed.

NIX, J., concurs.

BUSSEY, P. J., not participating.