Jesse John Richard HAGA, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13932.

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1966.

Jay D. Dalton, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Jesse John Richard Haga was charged by information filed in the district court of Tulsa County with rape in the first degree; was tried before a jury, found guilty and his punishment fixed at 15 years in the State Penitentiary. (This was the minimum punishment for this crime at the time judgment and sentence was entered. 21 O.S.1961, § 1115, amended in 1965.)

For reversal counsel in brief argues but one proposition: that the verdict is not sustained by sufficient evidence.

The prosecuting witness was the 14-year-old daughter of the defendant. She testified (and a copy of her birth certificate introduced in evidence indicated) that she was born in Tulsa, Oklahoma on December 26, 1950; that she moved to Oregon with her mother, where she lived until April, 1963 when she went to live with her father, also in the State of Oregon. She stated that they returned to Oklahoma in November, 1963 and she lived with her father and stepmother in the country, in Tulsa County.

The prosecutrix testified that she first had sexual relations with her father in Oregon, in May, 1963; then in Oklahoma in November, 1963, and on June 29, 1964, the date charged in the information. She stated that her father and step-mother were separated at that time, and the step-mother had moved to Tulsa. That about 9:30 in the evening of June 29, 1964 she went in to her father's bedroom to kiss him goodnight, and that he pulled her over on the bed and had sexual relations with her.

Patricia Ann Haga, the wife of defendant, testified that on June 30, 1964 she told someone in the sheriff's office in Tulsa that she "thought there was something between Merryetta and her daddy. I was mad when I told it, or I wouldn't have told it."

A deputy sheriff testified to having talked with Mrs. Haga and to the prosecutrix, and to going out and arresting the defendant. Dr. Carlile, who examined the prosecutrix, also testified, but was unable to state with certainty that the prosecutrix had experienced sexual relations on the date in question.

The defendant testified, and denied that he had ever had sexual relations with his daughter. Thus, there was a sharp conflict in the evidence.

This Court has repeatedly held that a conviction for rape may be had on the uncorroborated testimony of prosecutrix, or on slight corroboration, where the testimony of the prosecutrix is not inherently improbable or unworthy of credence. See Gordon v. State, 75 Okl.Cr. 356, 131 P.2d 503; Gaines v. State, Okl.Cr., 267 P.2d 612, and the many cases cited in each of these cases.

However, this rule has been limited to the effect that we will carefully examine the record in cases of this character, which we have done in this case, to see that the evidence of the prosecutrix is clear and convincing, and is not inconsistent, incredible or contradictory. It is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict, though there is a sharp conflict in the evidence.

The evidence of the State in this case, and as reflected in the record before this Court, supports the charge; and finding no reversible error, the judgment and sentence is affirmed.

BUSSEY, P. J., and NIX, J., concur.