**Eugene Allen GRIFFIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16986.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

Doyle C. Scott, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

SIMMS, Judge:

Appellant, Eugene Allen Griffin, was convicted in a non-jury trial of the offense of Assault and Battery Upon a Law Officer and sentenced to a term of 120 days in the Oklahoma County Jail. From the judgment and sentence, a timely appeal has been perfected to this Court, however, neither side has submitted briefs, and by Order of the Presiding Judge, this case has been Summarily Submitted to be reviewed for fundamental error only.

Evidence of the state at trial was substantially that two officers of the Oklahoma City Police Department went to the home of appellant's grandmother to place appellant under arrest, the officers having been notified by radio that appellant was wanted on a warrant charging him with the offense of assault with a dangerous weapon with intent to kill.

At approximately 2:00 P.M., May 19, 1971, the two officers arrived at 801 N.E.

**224**

17th, home of appellant's grandmother, where they met appellant's grandmother at the front door. They inquired of the grandmother if appellant was there and she stated that he was at the residence and that if the officers "would wait there at the front door she would go get him" (Tr. 5).

The officers stood at the front door approximately fifteen to twenty seconds when they heard a noise come from the side of the house. They observed the appellant crawling out of a side bedroom window located on the east side of the residence, and he immediately started walking away from the location of the officers. The officers yelled to appellant to stop, which appellant did. One of the officers escorted appellant around to the rear of the house where he was met by the second officer. Upon inquiry by the officers, appellant stated that he was not the person of Eugene Griffin, he did not live there, and was just passing through the backyard. Thereupon the officers placed appellant under arrest after notifying him he was wanted on the radiogram, and appellant told officers he was going and he made an attempt to swing on the officer and to pull away from them.

At approximately this point in time, one of the officers attempted to grab appellant's arms whereupon they wrestled· to the ground and appellant continued kicking and swinging. In the process he whirled around toward one of the officers and kicked him in the right side of the mouth. The struggle ensued for four to five minutes before the officers were successful in subduing appellant, and putting the cuffs upon him.

Appellant introduced evidence at trial to the effect that one of the officers had kicked him in the kidney area, and had used unnecessary force in his arrest.

The principal assertion of error set out in appellant's petition in error is that the trial court refused to grant him a new trial based upon newly discovered evidence. In the hearing on the Motion for New Trial, the trial court received evidence of the alleged "newly discovered evidence" and it appears from a careful reading of the transcript that the so-called "newly discovered evidence" is purely cumulative in nature.

We have held that the granting of a new trial on ground of newly discovered evidence is a matter largely within the trial court's discretion and is not to be exercised except where there is reasonable probability that, if such evidence had been introduced a different result would have been reached. Ward v. State, Okl.Cr., 444 P.2d 255 (1968), cert. den. 393 U.S. 1040, 89 S.Ct. 665, 21 L.Ed.2d 588. Unquestionably the tendered evidence in support of the Motion for New Trial would not have changed the conclusion reached by the trial judge in the case at bar.

Insofar as the cumulative effect of newly discovered evidence is concerned, we stated in Williams v. State, 92 Okl.Cr. 70, 220 P.2d 836 (1950); and Pruitt v. State, Okl.Cr., 270 P.2d 351 (1954), that a new trial should not be granted on the grounds of newly discovered evidence, where evidence is merely cumulative or is for the purpose of impeachment, and it must appear that, if newly discovered evidence had been introduced at trial, there is reasonably probability that different results would have been reached.

Concededly, the trial court in the instant case was faced with a conflict in the evidence as to what actually occurred during the altercation between appellant and the police officers. However, it is the exclusive province of the trial court, where a jury is waived, to weigh the evidence and determine the facts, and the trial judges findings on controverted testimony will be upheld on appeal where there is competent evidence to sustain the finding. Haga v. State, Okl.Cr., 422 P.2d 221 (1966).

After carefully reviewing the record, we find neither fundamental nor prejudicial error committed during the trial and, therefore, the judgment and sentence of the trial court is in all respects hereby affirmed.

BUSSEY, P. J., concurs.

BRETT, J., concurs in result.