**Arnell Billy HUTTON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–575.**

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., R. Bradley Miller, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Arnell Billy Hutton, was convicted of Rape in the First Degree, After Former Conviction of a Felony, in the District Court of McIntosh County, Case No. CRF–82–123. From this judgment and sentence of twenty (20) years imprisonment, appellant has perfected this appeal. We affirm.

In the early morning hours of November 8, 1982, the victim, D.M. was attacked and raped in her own home. D.M. testified she had gotten up to go to the bathroom and, as she passed her bedroom door, the appellant jumped from behind and grabbed her. A struggle ensued and several items of furniture were toppled in the living room. Appellant finally forced D.M. into her bedroom, where she was raped. D.M. was taken to General Hospital in Muskogee, where it was determined that she had received various abrasions and contusions to her face and body. Evidence from a rape kit indicated that D.M. had been raped.

Appellant was linked to this crime through his identification by D.M., and through forensic evidence which was consistent with the State's theory that appellant was the rapist.

■ In his first assignment of error, appellant contends that the testimony of the prosecutrix was clearly contradictory and inherently improbable. Therefore, he argues, the conviction cannot stand because her testimony was not sufficiently corroborated. *See Haga v. State*, 422 P.2d 221 (Okl.Cr.1966) (testimony of a prosecuting witness that is inherently improbable, clearly contradictory, or successfully impeached cannot be the basis for a rape conviction, unless corroborated by other evidence). Under the facts of this case, appellant's argument is patently frivolous. In light of the testimony and physical evidence—including injuries to the prosecutrix, evidence from the rape kit indicating D.M. had been raped, evidence of forcible entry into the home through a window, and evidence of a struggle in D.M.'s living room—we cannot say D.M.'s story was inherently improbable or clearly contradictory. Rather, we find that the evidence is sufficient to sustain a conviction for the offense of Rape in the First Degree, *Green v. State*, 611 P.2d 262 (Okl.Cr.1980), such that corroboration was not required. *Capps v. State*, 674 P.2d 554 (Okl.Cr.1984). This assignment of error is rejected.

■ Appellant next challenges various alleged incidents of prosecutorial misconduct which occurred during the trial. Our review of the record reveals that none of the comments complained of were met with a contemporaneous objection at trial. Without objection, we will reverse a convic-

tion on improper prosecutorial comments only if "their combined effect was so prejudicial as to adversely affect the fundamental nature and impartiality of the proceedings." *Freeman v. State,* 681 P.2d 84, 85 (Okl.Cr.1984), quoting *Cobbs v. State,* 629 P.2d 368, 369 (Okl.Cr.1981). Although the comments by the prosecutor were improper, the error was not so fundamental as to require reversal or modification. This assignment of error is without merit.

We have also examined the various assignments of error contained in the appellant's *pro se* brief, and likewise find them to be without merit.

The judgment and sentence of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.