## WILLIAM SODERBERG v. STATE.

No. A-5128.· Opinion Filed June 24, 1925.
(237 Pac. 467.)

Lillard & Edwards and J. T. Michael, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM.  Plaintiff in error, William Soderberg, was convicted on an information charging that on October 17, 1923, he did unlawfully transport intoxicating liquor, to-wit, whisky, from a point unknown to the intersection of Robinson and Reno streets, Oklahoma City, and in accordance with the verdict he was sentenced to pay a fine of $500 and to be confined in jail for six months.  From the judgment an appeal was taken by filing in this court April 15, 1924, petition in error with case-made.  No briefs have been filed.  When the case was called for final submission no appearance was made on behalf of the plaintiff in error, and the cause was submitted on the record.

The errors assigned question the sufficiency of the evidence to support the verdict.  The evidence shows that the officers took five pints of corn whisky from the defendant; that when they met him one said, "Bill, how many have you?" and the defendant said, "A couple"; that some were in his inside pockets and some in his outside pockets.

The defendant testified that he was coming from

Capitol Hill, and a fellow in a Ford asked him to ride, and he got into the car and drove to Reno street, and the officers came over and searched the car and took some bottles and a jug out of the car; that he did not know whether there was liquor in them or not; that he had not seen the man he rode with since; that he did not tell the officers anything, and did not carry any bottles in his pockets.

The test of the legal sufficiency of the evidence is whether or not there is evidence of substantial nature tending to establish the allegations of the information. In testing the weight of the evidence on appeal, we merely concern ourselves with its legal sufficiency, and, if there is one witness whose testimony tends to support the material allegations in the information, we are not at liberty to disturb the verdict on account of the insufficiency of the evidence.

It follows that the judgment of the lower court will be affirmed.