## JACK WALKER v. STATE.

No. A-5002.   Opinion Filed Sept. 14, 1925.
(239 Pac. 191.)

Warren & Warren, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Choctaw county on a charge of transporting whisky, the plaintiff in error, hereinafter called the defendant, has appealed. The only reason assigned for reversal is that the court permitted evidence obtained by an unlawful search of the defendant to be introduced in evidence.

The record discloses that one Nesbit, a constable, without any warrant, was on the highway at night looking for some person or persons, and the defendant came along and was stopped by the officer, who questioned him. The defendant appeared to be drinking, and the officer inquired what he had, and he answered: "I got some whisky." The defendant was then searched, and a jar of whisky taken from his person. Upon the trial

the witness was questioned fully on direct examination, and the whisky introduced in evidence, all without objection. He was again questioned fully on cross-examination, after which a motion was made that the evidence be stricken and withdrawn for the reason that the search was a violation of the constitutional rights of defendant. The defendant did not take the stand, and offered no evidence.

The witness for the state further testified that he saw no offense committed in his presence by the defendant, and had no warrant for his arrest, nor search warrant.

Upon this state of facts, the defendant contends that his constitutional rights were invaded, and that the trial court should have stricken the evidence and ordered the discharge of the defendant, citing Gore v. State, 24 Okla. Cr. 394, 218 P. 549.

The state contends that the defendant did not make timely objection to the search of his person, and that by informing the officer of his possession of whisky he waived immunity from search. In the case of Miles v. State, 31 Okla. Cr. 4, 236 P. 907, it was held by this court that information communicated to an officer by a person engaged in the commission of an offense was sufficient to authorize an officer to act as for an offense committed in his presence.

While the statement made by the defendant was sufficient to authorize the officer to make the arrest of the defendant and the search of his person, yet we think the contention of the defendant should be overruled for another reason. For even if it be admitted that the arrest and search was in violation of the defendant's constitutional rights and the evidence obtained by the search should have been excluded on timely objection, the objection in this case was not timely made.

The defendant further contends that the defendant had a right to presume that the officer arresting him was acting within his authority, and that the motion to strike the evidence was a timely objection, citing in support of his contention, Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654, and State v. Wills, 91 W. Va. 659, 114 S. E. 261, 24 A. L. R. 1398. Neither of these cases supports the contention made. In the Amos Case the residence of the defendant was searched by officers of the government without a search warrant, in the absence of the plaintiff in error. After the jury was sworn, but before any evidence was offered, the defendant presented to the court a verified petition praying that the property so seized be returned to him. This was denied by the court, and his motion to exclude the property as evidence was also denied on the theory that it came too late after the jury had been impaneled. The case was reversed, the court in effect holding that the objection as made was timely. In the Wills Case the defendant was arrested without a warrant and on mere suspicion of having whisky on his person. The court states the question thus:

"The question then arises whether, on a trial for the offense of having the 'moonshine liquor' in his possession, the liquor or any evidence of the offense so procured by means of the unlawful search, can be given in evidence by the state over the objection of the defendant."

And the court, in syllabus 9, held:

"It is unnecessary for the accused, before trial, to move the court to return the articles so illegally taken from him, or to reject the evidence obtained by means of the unlawful search or seizure, in order to exclude such articles or evidence against him at the trial, but objection is properly and seasonably made, by motion when they are offered on the trial."

It is evident that the method of raising the objection in each of these cases was entirely different to the manner

in which it is raised here. In the Amos Case it was raised by a petition to return the property seized and by an objection to its introduction. In the Wills Case it was made by an objection to the introduction. Certainly the defendant knew whether any warrant or a search warrant was served upon him, and if he desired to claim his constitutional right of immunity from search of his person, he should have made objection when the evidence was offered.

The immunity granted by the Constitution against an unreasonable search of the person and effects of a defendant is for his benefit. This constitutional right is in the nature of a personal privilege or exemption, and may be waived. State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Hill v. State, 9 Okla. Cr. 629, 132 P. 950; Dalton v. State, 6 Okla. Cr. 85, 116 P. 954; Stouse et al. v. State, 6 Okla. Cr. 415, 119 P. 271; Starr v. State, 5 Okla. Cr. 440, 115 P. 356; Franklin v. State, 9 Okla. Cr. 178, 131 P. 183.

It is not necessary, before going to trial, for a defendant to file a motion to suppress the evidence obtained by an unlawful search. Objection is timely made if interposed to the introduction of the evidence.

If the defendant desired to object to the competency of the evidence obtained by an unlawful search of his person, such objection should have been presented at the time the evidence was first presented, and, upon his failure to do so, his permitting the same to be developed and introduced without objection was waiver of the objection, and his motion to strike and withdraw, after the evidence had been introduced without objection, came too late.

The evidence being undisputed, and no prejudicial error appearing, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.