### E. D. PATTON v. STATE.

No. A-6882.   Opinion Filed July 13, 1929.
(279 Pac. 694.)

H. A. Johnson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Noble county on a charge of burglary in the first degree, and his punishment fixed at 15 years in the state penitentiary.

Defendant was charged with the burglary of the dwelling house of W. M. Bowles in the city of Perry. The evidence in support of the charge is that in the nighttime the residence of Bowles was burglarized and some small items of property stolen. It was shown that one of the windows had been tampered with. Holes had been made in the screen, apparently for the purpose of unhooking the screen on the inside, and there was mud and indications that some one had entered through this window. Some four months later there was an attempted entry at another residence in the city of Perry. Defendant was seen about to enter this place but made his escape. Officers were called there and found a notebook and receipt for lodge dues belonging to defendant. They then went to the small house where defendant resided with his father but did not apprehend defendant. They returned later, and one officer went to the front door and one to the rear and found defendant concealed in the shrubbery about 20 feet from the rear door. They then searched the house and found some of the small items of property stolen from the Bowles residence. Later defendant broke jail and fled to the state of Michigan, where he was apprehended and returned to this state. Defendant did not testify.

The first assignment is that the court erred in admitting evidence obtained by the search of the house where defendant lived without a search warrant. His counsel admitted during the trial that there was sufficient grounds to believe a felony had been committed and to warrant the arrest of defendant, but contends the arrest did not authorize the search of his place of residence. See section 2471, Comp. St. 1921. This contention is based on the fact that he was not arrested in the house. Where a person is lawfully arrested, the arresting officer may search the person and immediate surroundings of the arrested person and seize any tools, implements, papers, and instrumentalities which have been or manifestly may be used to commit the crime or to effect an escape. Davis v. State, 30 Okla. Cr. 61, 234 Pac. 787; Soderberg v. State, 31 Okla. Cr. 88, 237 Pac. 467; Rambo v. State, 38 Okla. Cr. 192, 259 Pac. 602.

There are limits, however, in the case of a lawful arrest, to this right of search. In Wallace v. State, 42 Okla. Cr. 143, 275 Pac. 354, it was held:

"Where a person is lawfully arrested while engaged in the commission of a crime the arresting officer may search the person and immediate surroundings where the arrest is made in order to find and seize things connected with the crime or the means by which it was committed or weapons and things which might be used to effect an escape. This right incidental to the arrest does not extend to the search of a dwelling where the arrest is not made therein, and the commission of the crime for which the arrest is made is not connected therewith."

In that case certain officers attempted to buy whisky from defendant, who was in the street near his house. Defendant went 300 or 400 yards away, procured the whisky, and when he returned they arrested him and

then searched the house. In the instant case, the officers were attempting to arrest defendant in the house, he went out of the back door, and was arrested about 20 feet away. Under these circumstances, the arrest of defendant was so connected with the dwelling house that the right of search existed. See Cornelius on Search and Seizure, § 38.

It is next argued that the evidence is insufficient to sustain the judgment. It is particularly stressed that there is no evidence of a breaking. While the evidence of a breaking is circumstantial, from what we have said above, we think the proof upon this point is sufficient. While the allegation of the information is that the breaking was by lifting a latch on an outer door and the circumstances indicate that it was the unhooking of the latch of a screen on a window, this would not constitute a fatal variance.

Lastly, the contention is made that several of the instructions are erroneous. We have examined the instructions with care, and while the instructions are not models, there is in none of them any such substantial error as requires a reversal.

Upon a consideration of the whole record, we are convinced that defendant was fairly tried and his guilt clearly established. No reason for reversal is made to appear. The punishment of 15 years assessed, under the entire record, is excessive. The judgment is modified by reducing the punishment to 7 years in the state penitentiary, and as so modified the judgment is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.