# MILLARD GEORGE GREEN v. STATE.

Nos. A-10519, A-10543.   Nov. 14, 1945.

(163 P. 2d 554.)

F. E. Riddle and R. R. Linker, both of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Millard George Green, was charged in the district court of Muskogee county with the crime of rape in the first degree; was tried, convicted, and sentenced to serve 15 years in the State Penitentiary, and has appealed.

The arguments presented on behalf of defendant for a reversal of this case may be considered under two propositions:

First, the defendant did not have a fair trial. Second, the court erred in overruling the supplemental motion for new trial on account of newly discovered evidence.

Counsel who now appear in this court for the defendant did not represent the accused and was not present at the trial in the district court. The defendant, however, was represented by reputable counsel of the Muskogee Bar of defendant's own choosing, both at the preliminary examination and at the trial in the district court.

In connection with the first assignment of error, it is contended that defendant did not have a fair trial because of leading questions propounded by the county attorney to his own witnesses; and, secondly, because of admission of hearsay evidence.

An examination of the record discloses that the county attorney did ask his witnesses a great number of lead-

ing questions. Counsel who represented the defendant, likewise, in presenting their evidence, asked a great number of leading questions. No objections were interposed by counsel for defendant to any of the leading questions asked by the county attorney, and, likewise, no objections were interposed by the county attorney to the leading questions asked by counsel for the defendant.

It is a settled rule of law that leading questions which suggest the answer to the witness should not be asked the witness by the party placing him upon the stand. Mulkey v. State, 5 Okla. Cr. 75, 113 P. 532; Campbell v. State, 23 Okla. Cr. 250, 214 P. 738; Gallatt v. State, 80 Okla. Cr. 208, 158 P. 2d 353.

In the most recent expression of this court in the case of Gallatt v. State, supra, there is reviewed the authorities on this question and that opinion points out the evils of such practice.

If counsel for the defendant had presented any objections to any of the leading questions which were asked by counsel for the state, the learned trial judge undoubtedly would have sustained the objection and, if the county attorney had persisted in the practice over the objection of counsel for defendant and his action had clearly adversely affected the defendant, this court would have reversed the conviction, but here we are confronted with a record where no objection was ever at any time made and the question was not even presented in the motion for new trial, nor in the supplemental motion for new trial.

In passing upon this issue, one of the factors which influences us the most is that a careful reading of the record convinces us of the absolute guilt of the accused. The proof on behalf of the state shows that the prose-

cuting witness was a 52 year old negro maid in the Reid Hotel in Muskogee. Shortly after noon, on November 30, 1942, as she prepared to clean up room No. 303 of the hotel, the defendant seized her, held a sharp knife to her throat and directed her to remove her clothing, and, by the use of force and threats to kill the prosecuting witness if she made an outcry, had the prosecuting witness to lie on the bed and there he accomplished the act of sexual intercourse with her. The accused was an occupant of room 304, which adjoined the room where the assault occurred. Immediately after the assault was completed, the prosecuting witness ran from the room screaming and in a hysterical condition. Several witnesses testified to her condition. Her dress was wrinkled. Two or three buttons were torn off of her dress and her hair was mussed. She was crying. The hotel clerk, another maid, a porter in the hotel, and a policeman who was summoned, all described her condition as being hysterical. Her shoes and underwear were left in the room where the attack occurred. The policeman who was summoned arrested the defendant on the third floor as he was trying to enter room No. 309, which was locked. The prosecuting witness was in such a condition that she was taken immediately to a hospital. She was away from her work for a week because of the shock.

The only evidence presented on behalf of the defendant was the testimony of the defendant himself, in which he admitted committing sexual intercourse with the prosecuting witness, but testified that the act was done at the suggestion of the prosecuting witness, wherein she proposed to allow him to have sexual relations with her for the sum of $1.

The physical facts all refute the story related by the defendant and corroborate the testimony of the prosecu-

trix. An impartial jury, after hearing the evidence, could have come to no other conclusion than that the defendant was guilty as charged. He was given the minimum punishment. Under such circumstances, being convinced of the absolute guilt of the accused, this court does not feel that the asking of the leading questions by the county attorney was an error so fundamental that this court should reverse the conviction, especially in view of the fact that no objection was made to any of said questions and the matter was not assigned as error in the motion for new trial.

Counsel who now appears for defendant says that the counsel who represented him at the trial did not properly take care of the defendant's interests, and, in that connection, he states that counsel for the defendant at the trial brought out on direct examination of the accused that he had been twice convicted of felonies prior to the trial of the instant case—once for the crime of manslaughter in the State of Kansas, and once for passing a forged check in the State of Texas.

This court will not be so brash as to try to suggest to any attorney how to best handle a case for one accused of crime. Many of our best attorneys differ on what should be done in presenting the cause of their client in the best manner to the jury. Counsel who represented defendant in the lower court undoubtedly thought that it was better to bring out the fact of the prior convictions on direct examination and let the defendant explain the circumstances surrounding them rather than to wait and let the county attorney bring out the fact of the two prior convictions on cross-examination in order to affect the credibility of the defendant as a witness. The counsel who represented the accused at the trial were counsel of his own choosing and were men who have had

years of experience in the trial of criminal cases. It was a case that was extremely hard to defend because the absolute guilt of the defendant was bound to be apparent to all parties concerned, and this fact, coupled with the former bad record of the accused, should demonstrate that counsel for the defendant at the trial protected his interest in that he did not receive more than the minimum punishment provided by law.

We agree with the statement of present counsel that the trial judge has the duty to see that every defendant on trial for a felony has a fair and impartial trial and that, if his counsel, through negligence, inadvertence, incompetency, or otherwise, continually fails to protect the rights of the defendant and permits his substantial rights to be clearly violated, it becomes the duty of the trial judge to interfere in the interest of justice. However, in view of what has been herein before said, we do not think this rule of law is applicable to the facts in the instant case.

Counsel for defendant also, in connection with this assignment of error, present the question that the policeman who testified on behalf of the state gave hearsay evidence as to what the prosecutrix had told him about the assault. This statement by the prosecutrix given to the policeman was within a few minutes after the alleged assault occurred and was properly a part of the res gestae. Her physical condition and the nearness to the time of the alleged assault all contradict the theory of a fixed story. Frazee v. State, 79 Okla. Cr. 224, 153 P. 2d 637. Furthermore, this testimony was also given without objection and defendant may not now complain.

Several months after the trial and after the appeal was lodged in this court, a supplemental motion for new trial on the ground of newly discovered evidence was filed

and overruled. Attached to the motion were three affidavits—one from Pat W. Mendenhall (who is the Mendenhall involved in Mendenhall v. State, No. A-10520, now pending in this court) in which he stated that he went to room 303 during the time the defendant was committing the act of sexual intercourse with the prosecutrix, that he was looking for one Joe Stump, that he did not hear any loud talking or screaming or resistance in the room, that he opened the door and saw the defendant committing the act with the prosecuting witness, that he saw both of the defendant's hands and that he did not have a knife in either hand. Another affidavit was from one Chester Wood, who stated that he was hired to make an investigation into the trial and conviction of the defendant Green in October, 1943; that he talked to the prosecutrix, Callie Ennis, and that during the conversation, Callie Ennis stated to the said Chester Wood that she had had sexual intercourse with the defendant, that after the completion of the act, the defendant handed her a dollar bill and she demanded $10, and that the prosecutrix told the defendant that if he would not give her $10, that she would put him so far in jail that they would have to feed him beans with a pole. The third affidavit was from one Willie Watson, a negro, who is now serving a term of imprisonment in the State Penitentiary. In his affidavit, he stated that the prosecutrix came to him prior to the trial and tried to employ his services to see if he could secure from the defendant the sum of $100 to settle the case, and told him that she had framed the defendant—that she had consented to the act of sexual intercourse and that had someone not opened the door of the room where they were, she would not have made the charge, but that after the door of the room was opened, she was afraid that if she did not make the charge,

she would lose her job and that her husband would hear about it.

At the hearing on this supplemental motion for new trial, no evidence was presented, but the court overruled the motion after reading the same and held that it was insufficient on its face to justify or require the granting of a new trial. The court's ruling was proper. It would have been a gullible court, indeed, who would have taken these three affidavits and granted a new trial upon them. They are so contrary to the physical facts that they were wholly unworthy of belief. Furthermore, there was no allegation nor showing that the persons who made the affidavits could be presented as witnesses if a new trial had been granted. When such a motion is presented, it is addressed to the sound discretion of the trial court and, unless this court can clearly see that in overruling this motion the trial court abused its discretion, the trial court's ruling thereon should be allowed to stand.

A careful examination of the evidence and the instructions of the court, together with a consideration of the verdict, convinces us that the defendant has no just cause for complaint and that the judgment of the district court of Muskogee county should be affirmed.

It is so ordered.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.