# PAT MENDENHALL v. STATE.

No. A-10520.   April 10, 1946.

(168 P. 2d 138.)

F. E. Riddle, of Tulsa, for plaintiff in error.

Randell S. Cobb. Atty. Gen., E. J. Broaddus. Asst. Atty. Gen., and Douglas Garrett, County Atty. of Muskogee County, of Muskogee, for defendant in error.

BAREFOOT. J. Defendant, Pat Mendenhall, was charged on three separate counts, in the district court of Muskogee county, with the crime of receiving stolen property. He was tried, convicted in each of the three cases, and sentenced to serve a term of five years in the State Penitentiary at McAlester in each case, the terms to run concurrently, and has appealed.

The record shows that three separate informations were filed against the defendant, charging him with the crime of having received property which had been stolen by Jimmie Myers and Kit Carson Green. In the information in case No. 7947, it was alleged that the property stolen consisted of four tires and four tubes of the value of $54, the property of Dr. John H. Walker of Muskogee; the second information, in case No. 7948, charged defendant with receiving one tire and one tube of the value of $23, the property of Harriett Bruce, of Muskogee; and the third information, in case No. 7949, charged defendant with receiving four tires and four tubes, of the value of $72, the property of W. P. Robinson, of Muskogee.

When the cases were called for trial, the county attorney dictated into the record an agreed statement by the terms of which the three cases, Nos. 7947, 7948 and 7949 were consolidated and tried together before the

same jury, at the same time, and that separate verdicts should be returned in each case. It was further agreed:

"That in the event the defendant is convicted by the jury in more than one case that the court will be requested by the county attorney to sentence the defendant so that the sentences will run concurrently in each case."

It is now contended by counsel for defendant who is prosecuting this appeal, but who did not appear in the trial of the cases below, that the court committed prejudicial error in permitting the trial of defendant upon three distinct and separate felonies together, and at the same time and before one and the same jury; and that the court erred in instructing the jury in compliance with the agreement that if defendant was found guilty by the jury in more than one case, that it had been agreed "on behalf of the state, that the court may sentence the defendant so that the sentences will run concurrently in each case."

Counsel for defendant in his brief states and argues the proposition above stated, but does not cite any authority to sustain his contention. The state seems to be content with the statement that "He cites no authority."

This court has recently had before it this identical question in the case of Booth v. State, 73 Okla. Cr. 67, 117 P. 2d 805, 806. In that case the defendant was charged in six separate cases. The cases were consolidated, and all the evidence presented to the same jury, which returned separate verdicts of guilt against the defendant in all six cases. Judge Jones, in delivering the opinion of the court, said:

"The procedure followed in these cases, in trying all of the cases at the same time, is very unusual. In so

far as this court is advised, it is the first time such novel procedure has been used in criminal cases. Such procedure of consolidation is quite generally adopted in the trial of civil cases, but it is unusual for a defendant and his counsel to request or even agree to such a procedure. However, no question is raised as to this form of procedure. The district court had jurisdiction of the person and of the subject matter; and we see no valid reason why, if requested by the defendant, such procedure may not be followed."

With reference to the instructions by the court, as above indicated, we are of the opinion that the defendant cannot now complain of the instructions. No exception was taken to the giving of the same. The instruction could have been of benefit to the defendant in the event of a conviction in more than one case. He should not be permitted to accept this benefit and then question its correctness. His counsel probably considered that if the sentences ran concurrently it would be to his benefit, and for this reason did not except to the giving of the same.

It is urgently contended that defendant has not been given a fair and impartial trial in this case, for the reason that the county attorney was permitted to ask leading questions, and this, notwithstanding the fact that no exception was taken by counsel for defendant to the asking of the questions. It is contended that 158 leading questions were asked, and each question is set out in defendant's brief. We have read the record carefully, and find that many leading questions were asked. The county attorney, instead of permitting the witness to detail the facts, asked the questions in such a manner that the answer need only be "Yes". But we do not find that the questions and answers are such that would deny to the defendant a fair and impartial trial. The witnesses

gave fair and intelligent answers, and the testimony of the state's witnesses was clear and convincing, and such as would entitle the jury to arrive at a verdict of defendant's guilt. The defendant testified in his own behalf, and many admissions made by him no doubt were considered by the jury in arriving at a verdict of guilty. Green v. State, 81 Okla. Cr. 282, 163 P. 2d 554.

The contention of counsel now representing defendant in this appeal that he did not have a fair trial because he was not properly represented by his attorney, who was of his own choosing, cannot be sustained. The authorities cited by defendant do not sustain this contention. The case of People v. Barnes, 270 Ill. 574, 110 N.E. 881, 883, cited by defendant, says:

"The court was never requested to appoint counsel for him, nor was it ever intimated, so far as the record shows, until it was done in this court, that defendant had not been properly represented by counsel. The question is now raised by counsel who had no connection with the case until after the trial and conviction. The prosecution appears to have been conducted by one assistant state's attorney, with no other assistance. It is very clear People v. Blevins, 251 Ill. 381, 96 N.E. 214, Ann. Cas. 1912C, 451, and Hayner v. People, 213 Ill. 142, 72 N.E. 792, relied on by defendant, are in no way applicable here. It has never been considered the duty of the court to advise or exercise any authority or control over the selection of counsel by a defendant who is able to and does employ the lawyer of his choice. Certainly it is the duty of the court in any criminal case to prevent oppression of the defendant, and see that he has a fair trial, but we find nothing in the record to indicate this duty was not performed by the court. * * *

"A court of review cannot reverse a judgment of conviction in a criminal case where, in looking backward over the trial, it might seem defendant's counsel had made

some tactical blunder. A judgment will not be reversed for failure of defendant's counsel to exercise the greatest skill. People v. Anderson, 239 Ill. 168, 87 N. E. 917."

It is contended that the court permitted the introduction of hearsay evidence, and for this reason the case should be reversed. This evidence was the testimony of the witness Billy Guy, a member of the police department of the city of Muskogee. He was permitted to testify, without objection or exception by counsel for defendant, to a conversation with Jimmy Myers and Kit Carson Green, the parties who had stolen the automobile tires and tubes with which defendant was charged with receiving, at the time of their arrest and while in the city jail. He was permitted to testify that these parties stated in this conversation that they had stolen the automobiles and stripped the tires and tubes from them, and the tires and tubes had been sold by them to the defendant. This evidence not being given in the presence of the defendant, was clearly hearsay, and if an objection had been made thereto, the court undoubtedly would have sustained the same. But it has often been held that a case will not be reversed by reason of the introduction of evidence which is inadmissible when no exception or objection was taken thereto, unless the admission of the same constitutes fundamental error. This is especially true where by the introduction of the inadmissible testimony, the fundamental rights of the defendant have not been denied, and in so considering the question all of the testimony in the case will be considered to determine whether the defendant has been given a fair and impartial trial. We will hereafter give a statement of the evidence in this case. Gritts v. State, 6 Okla. Cr. 534, 118 P. 673; Keeler v. State, 24 Okla. Cr. 206, 217 P. 228; Walters v. State, 57 Okla. Cr. 424, 48 P. 2d

875; Dyer v. State, 61 Okla. Cr. 202, 66 P. 2d 1104; Howard v. State, 70 Okla. Cr. 165, 105 P. 2d 440.

It is contended that the constitutional rights of the defendant were violated by reason of the search of the garage occupied by him, without a search warrant, at the time the four tires stolen by Myers and Green and sold to the defendant, were found.

When the officers went in search of the tires and tubes which had been stolen, they found the son of defendant in close proximity to an out-building. They were informed by him that his father did not live there, but lived at the Reed Hotel. The boy attempted to unlock the door, and one of the officers picked up something and broke the lock, and found four stolen tires. The defendant cannot complain of the search in this case, for the reason that no objection was made at the time the testimony was given. No motion was made to suppress the evidence. Gragg v. State, 72 Okla. Cr. 189, 114 P. 2d 491, and cases cited.

The defendant took the witness stand and admitted that he was in possession of the tires which were taken by the officers from the garage. His defense was that he had lawfully purchased them from Myers and Green. The jury evidently did not agree with his defense. Patton v. State, 43 Okla. Cr. 436, 279 P. 694; Davis v. State, 30 Okla. Cr. 61, 234 P. 787.

A judgment and sentence will not be set aside or a new trial granted on the improper admission of evidence unless the court from an examination of the entire record is of the opinion that the error complained of has probably resulted in a miscarriage of justice, or that it constitutes a violation of a constitutional or statutory right.

Foreman v. State, 38 Okla. Cr. 50, 259 P. 176; Luker v. State, 60 Okla. Cr. 151, 62 P. 2d 255. See also Herren v. State, 74 Okla. Cr. 432, 127 P. 2d 384 and Sears v. State, 79 Okla. Cr. 437, 156 P. 2d 145.

The record reveals that a number of automobiles had been stolen in the city of Muskogee during the month of May, 1943. The automobiles were found in different parts of the county, where they had been stripped of tires, tubes and other accessories. The police officers arrested Jimmy Myers and Kit Carson Green, 20 and 16 years of age, respectively. They were placed in the city jail and confessed to stealing the automobiles and stripping them of the tires and accessories; and on the trial of this case testified to selling the stolen tires and tubes to the defendant. Both of these witnesses testified as to having made arrangements with defendant to buy the tires prior to the time they were stolen, and testified to numerous facts and circumstances which justified the jury in finding the defendant guilty of recovering stolen property.

We have heretofore reviewed the errors assigned. The defendant was found guilty by the jury in each of the three cases, and his punishment assessed at five years in the penitentiary, the sentences to run concurrently. For the reason that the sentences are to run concurrently, we do not think that justice demands a modification of the judgment and sentence. It is true that some errors were committed, as heretofore noted, but after an examination of the record as a whole, we are of the opinion that no fundamental error was committed which would justify a reversal of this case, and that the judgment of the district court of Muskogee county should be affirmed. It is so ordered.

JONES, P. J., concurs. DOYLE, J., not participating.