**Ralph Edwin THACKER, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12330.**

Criminal Court of Appeals of Oklahoma.

Oct. 24, 1956.

Rehearing Denied Nov. 21, 1956.

Ralph A. Myers, Jr., El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Ralph Edwin Thacker was charged by an information filed in the County Court of Canadian County with the unlawful possession of whiskey, was tried, found guilty by verdict of the jury who left the punishment to be fixed by the court; thereafter the accused was sentenced to serve a term of 60 days in the county jail and to pay a fine of $250 and has appealed.

The issue presented in the brief of the accused is whether the search of defendant's automobile without a search warrant was a valid search, to which the Attorney General answered that no timely objection was made to the admission of such evidence at the trial.

Two El Reno policemen while making a routine check at a beer tavern at the intersection of 15th Street and Highway 66 in El Reno found the defendant Thacker in the tavern in an intoxicated condition. He was placed under arrest and while being removed from the tavern to the police car,

defendant pointed to an automobile sitting in front of the tavern and stated that it belonged to him but that he had to take it to his wife. He jerked loose from the officers and started toward the car, but was caught and restrained by the officers. Officer Hays testified that he then walked over to Thacker's automobile to see if the keys were in it. There were no keys in the ignition switch, but when the officer looked in the rear he saw that the back seat had been removed. There was a blanket and raincoat and some license plates in the car and the officer saw a lug of whiskey on the floorboard. The officers then took the accused to the police station, locked him up, returned to the automobile, searched it and found about 190 half-pint bottles of intoxicating liquor, most of which were in lugs concealed under the blanket and raincoat. The accused told the chief of police the next morning that the automobile and the whiskey belonged to him.

██ · The defendant cannot be sustained on his contention. Officer Hays saw a lug of whiskey in defendant's automobile at a place where the officer had a legal right to be. No search warrant was necessary, therefore, to make a search of the automobile. Finley v. State, 91 Okl.Cr. 137, 217 P.2d 189. The argument of the accused is based upon the proposition that the mere fact that defendant was lawfully arrested for being intoxicated did not give the officers legal authority to search defendant's automobile which was not in close proximity at the time of the arrest of the accused. Regardless of the merit of this contention, it cannot be sustained because it is based upon a false premise. The search of the automobile was not made because the officers found the defendant in an intoxicated condition, but because the officer looked in the automobile and saw some whiskey lying on the floorboard exposed to the human eye.

██ Counsel for the accused did not make timely objection to the introduction of the evidence. No motion to suppress the evidence was interposed and at the time the officers testified no objection was made to their testimony concerning the search and seizure of the whiskey. It was only at the conclusion of the evidence that counsel made a motion to strike the evidence pertaining to the whiskey for the reason that it was unlawfully obtained. Such motion came too late. Unless objection is made at the first opportunity when the alleged illegal evidence is sought to be introduced, the right of the accused to object to the admissibility of such evidence is waived. Walker v. State, 31 Okl. Cr. 326, 239 P. 191; Mendenhall v. State, 82 Okl.Cr. 220, 168 P.2d 138; Taylor v. State, 91 Okl.Cr. 124, 216 P.2d 362; Fulbright v. State, 96 Okl.Cr. 36, 248 P.2d 651.

Affirmed.

BRETT and POWELL, JJ., concur.