**Dillas Ray COATS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-588.**

Court of Criminal Appeals of Oklahoma.

Nov. 28, 1978.

Rehearing Denied Feb. 1, 1979.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Charles Helm, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Dillas Ray Coats, hereinafter referred to as the defendant was charged, tried, and convicted in the District Court, Oklahoma County, Case No. CRF–76–3486, for the offense of Robbery with Firearms, After Former Conviction of a Felony, in violation of 21 O.S.Supp.1973, § 801. Punishment was fixed at life imprisonment plus twenty (20) years. From this judgment and sentence a timely appeal has been filed.

The State's first witness was Galeb Awaida who stated that on September 7, 1976, he was employed at Ray's May Avenue Liquor Store in Oklahoma City. At 9:00 p. m. two men holding handguns entered and demanded money. The witness opened the cash register and removed all the money, placing it in a paper sack. He then removed the money from a second cash register and placed it on the counter where one of the intruders placed it in the sack. Mr. Awaida then identified the defendant, Dillas Ray Coats as one of the men who robbed him. He also identified State's Exhibits No. 1 and 2 as guns similar to the ones carried by the two men.

Next to testify was Officer M. J. Raymond of the Oklahoma City Police. On

September 7, 1976, he was riding in a patrol car when he received a radio message that a robbery had occurred at 1718 North May Avenue. Arriving at the scene, Officer Raymond questioned Mr. Awaida and broadcasted a physical description of the robbers, over his radio.

Officer Leroy Rinehart then testified that he was an Oklahoma City Police Detective. On September 13, 1976, the witness interviewed Mr. Awaida at the hospital where Mr. Awaida was recovering from an auto accident. Mr. Awaida positively identified Dillas Ray Coats, from several pictures shown to him by Officer Rinehart.

The State's fourth witness was Officer Michael Casey. On September 21, 1976, the witness arrested Kenneth Ray Johnson on South Portland Avenue. At the time Kenneth Johnson had been riding in a car and the witness called a wrecker to tow away the car. The witness then identified State's Exhibits No. 1 and 2 as guns, and State's Exhibit No. 3 as eight rounds of .38 caliber ball ammunition, found in the car.

The State's next witness was Sergeant John LeMaster. On September 21, 1976, he assisted in the arrest of Kenneth Ray Johnson. While searching the car in which Kenneth Johnson was riding, he uncovered two guns, identified as State's Exhibits No. 1 and 2. He also identified State's Exhibit No. 3 as ammunition removed from the guns. The guns and ammunition were subsequently turned over to Officer Casey.

On cross-examination the witness admitted that he had not checked the guns for fingerprints; nor had he ascertained to whom they were registered.

Officer David Shupe was the last witness for the State. On September 13, 1976, he received a radio message stating that Dillas Ray Coats was wanted in connection with an armed robbery. He proceeded to the Red Hat Lounge and arrested the defendant inside the establishment.

The State then rested. The jury was excused and an in camera proceeding was held with the result that the trial Judge withdrew his order admitting State's Ex-

hibits No. 1, 2, and 3 because of insufficient foundation.

For the defense, Kenneth Ray Johnson testified that he had been convicted of 12 different felonies, including burglary, armed robbery and murder. On September 7, 1976, he robbed Ray's May Avenue Liquor Store but named another individual as the person who aided and accompanied him in that robbery. He also stated that State's Exhibits 1 and 2 were the guns used in the robbery. At the conclusion of his testimony the guns were again admitted into evidence.

The defense then rested. After the jury returned a guilty verdict, the second stage of the trial was held.

The defendant, Dillas Ray Coats testified that in 1954 he was convicted on three counts of armed robbery and sentenced to 25 years' imprisonment and that in 1966 he received a full pardon from then Governor Henry J. Bellmon. On cross-examination, the defendant stated that he did not have the pardon with him but thought it was in the possession of his ex-wife. At the conclusion of the second stage the jury found the defendant guilty of the after former conviction charge.

For his first assignment of error the defendant alleges that he was entitled to a mistrial due to the introduction of certain evidentiary harpoons.

█ It is settled law that a defendant in a criminal case can only be convicted by evidence which proves he is guilty of that offense alone and evidence of other crimes is generally not admissible. *Atnip v. State,* Okl.Cr., 564 P.2d 660 (1977); *Brooks v. State,* Okl.Cr., 561 P.2d 137 (1977). In the case at bar two different witnesses made statements which implicated the defendant in the commission of two separate armed robberies for which he was not being tried.

█ We note however that the trial Judge struck the testimony of Officer Rinehart and admonished the jury not to consider it. Under the general rule, that an admonition not to consider certain testimony usually cures an error, the error in this

testimony does not merit reversal. See *Wimberli v. State,* Okl.Cr., 536 P.2d 945 (1975). Furthermore the remarks of the officers do not appear to have been intentional, but rather were honest attempts to fully answer the questions put forth to them. In *Mendenhall v. State,* 82 Okl.Cr. 220, 168 P.2d 138 (1946) this Court stated:

"Whether an accused is prejudiced by the erroneous admission of evidence at trial should not be considered abstractly, *but the question is one of the practical effect when the trial as a whole and all the circumstances of the cases are regarded.*" [Emphasis Added.]

Taking into account the practical effect of such statements convinces us that they were not prejudicial because the jury could not have arrived at a different verdict, even had they been excluded. We therefore find the defendant's first assignment of error to be meritless.

■ Defendant's second assignment of error is that the court erred in allowing the firearms into evidence at the conclusion of Kenneth Ray Johnson's testimony, because the witness had specifically stated that the defendant was not the man who participated in the robbery with him. In *Edmondson v. State,* Okl.Cr., 532 P.2d 81 (1975) we held that firearms, bullets, and other weapons could be admitted into evidence if there was sufficient proof justifying a reasonable inference that they were connected to the crime or the defendant. Thus the trial Judge correctly admitted the firearms into evidence since the defendant's witness admitted they were the ones used in the robbery. The statement of defendant's witness that the defendant did not participate in the crime merely presented conflicting evidence, which was for the jury to resolve. See also *Day v. State,* Okl.Cr., 518 P.2d 1283 (1974). Defendant's second assignment of error is without merit.

The defendant's third, fourth, and fifth assignments of error deal with the admission of State's Exhibits and therefore will be answered together. The exhibits were Judgments and Sentences against the defendant for prior offenses. These exhibits were offered during the sentencing stage of the trial for the purpose of enhancing punishment against the defendant. Defendant's first proposition is that the prior convictions could not be used because the defendant was pardoned on September 22, 1966. Said date being more than ten years from the date of sentencing in this case. Title 21 O.S.Supp.1976, § 51A reads as follows:

"No person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony."

■■ In the instant case the crime was committed on September 6, 1976, and the defendant was sentenced on February 18, 1977. We hold that the commission of the crime on September 6, 1976, tolled the running of the ten (10) year period. To hold otherwise would permit situations where defendants could pass the limitation deadline by the use of repeated requests for continuances as well as other delaying tactics to set off the imposition of the judgment and sentence. We also feel that this interpretation is consistent with the legislative intent of punishing repeat offenders more severely. The prior convictions were therefore within the ten (10) year limit. Defendant's second proposition is that the prior convictions cannot be used to enhance punishment because an executive pardon puts the pardoned person in the position he was in prior to the conviction. The pardon was not introduced into evidence, but this Court has verified that defendant was pardoned on September 22, 1966. Hence, the running of the ten (10) year period was short by some fifteen (15) days. See *Scott v. Raines,* Okl.Cr., 373 P.2d 267 (1962) and *Kellogg v. State,* Okl.Cr., 504 P.2d 440 (1972). Defendant's last proposition is that the prior convictions are too remote and stale to serve as the basis for enhancing

punishment because they occurred more than twenty-two years prior to the date of the present crime. True though this may be, we are bound by the dictates of 21 O.S.Supp.1975 § 51A. Under the language of this statute the prior convictions are within the limitation period by a total of fifteen days. We therefore find no error by the court in admitting the prior convictions for purposes of enhancing punishment.

█ The last assignment of error is that reversal is warranted, since the defendant was sentenced under the provisions of 21 O.S.Supp.1976, § 51(B), which we recently declared unconstitutional. *Thigpen v. State,* Okl.Cr., 571 P.2d 467 (1977). However, as we stated in *Thigpen,* supra, a sentencing under this statute would not be grounds for reversal of a conviction. Accordingly, the sentence in this case is *MODIFIED* to forty-five (45) years and as such the judgment and sentence is *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J. concur.