Joe Mike **SHULTZ,** Appellant,

v.

The **STATE** of Oklahoma, **Appellee.**

No. F–84–169.

Court of Criminal Appeals of Oklahoma.

March 11, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Joe Mike Shultz, was convicted of Larceny of Domestic Animals, After Former Conviction of Two or More Felonies, in Okmulgee County District Court, Case No. CRF–83–30, was sentenced to thirty (30) years' imprisonment, and he now appeals.

On the evening of January 28, 1983, Donald Dean Hamilton, went to Jim Harris' cow pasture, located in Okmulgee County, to discuss buying some of Mr. Harris' cattle. The next morning the duo discovered seven (7) cattle were missing, reported them stolen, and then followed muddy tire track marks for approximately a mile and one-half, where they found one of the missing cows lying on the ground bleeding from a broken leg.

McClain County Undersheriff Bill Carlton testified that in the early morning of January 29, 1983, he saw the appellant driving a trailer that had been reported stolen, and which was loaded with six (6) cattle, later positively identified by Mr. Harris as those taken from him. The officer subsequently arrested the appellant in a stockyard, located in McClain County, for possession of a stolen trailer, and when the appellant was asked about the cattle, he replied that he did not remember who he bought them from and he did not have a bill of sale or any other type of receipt.

## I

In his first assignment of error, the appellant asserts that the trial court committed reversible error, by allegedly commenting during the opening statement of defense counsel, that the appellant had the

burden of proving his innocence.[1] However, a review of the record reveals that appellate counsel has totally misconstrued the court's comment. The trial court was not stating that the burden of proof lay with the defense, it was merely rebuking defense counsel for improperly claiming to know in advance what the State would fail to prove. Moreover, it is well established that objections must be timely raised or any error is waived. See, *Thacker v. State*, 303 P.2d 448 (Okl.Cr.1956). We find that the appellant failed to make a timely objection because he waited until after the noon recess to object to the trial court's earlier comment, which we find to be proper.

## II

Next, the appellant raises the following assignments of error, however, the errors complained of have not been properly preserved for review on appeal because they were not objected to at trial. See, *Marks v. State*, 654 P.2d 652 (Okl.Cr.1982).

■ First, appellant claims that he was denied a fair trial because the State improperly introduced evidence of other crimes; and appellant argues that the State improperly failed to give him advance notice of its intent to use the other crimes evidence as required by *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). However, having reviewed the record, we find that the complained of evidence of other crimes, in the case at bar, falls within the res gestae exception to *Burks*, supra, therefore no

notice was required, and furthermore, the evidence of other crimes is obvious only to defense counsel.

Similarly, the appellant contends that improper use of other crimes evidence occurred when the prosecutor made certain comments during his closing argument. However, we find that the prosecutor was merely commenting on the evidence and was well within the liberal bounds of freedom of speech allowed to each party in closing arguments. See, *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982); and *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980).

■ In another sub-proposition, appellant argues that the trial court erred in failing to instruct the jury on the limited use of the alleged other crimes evidence. This error is also not properly preserved for review since the appellant neither requested a limiting instruction nor did he object to the instructions given. See, *Dutton v. State*, 674 P.2d 1134 (Okl.Cr.1984).

■ Similarly, appellant claims that the trial court committed reversible error in failing to instruct the jury on the appellant's defense theory that he lacked criminal intent. Where counsel is not satisfied with instructions that are given, or desires the court to give a particular instruction, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given; and in the absence of such a request, this Court will not reverse the case if the instructions generally cover the subject matter of in-

---

1. The transcript, in pertinent part, reveals the following colloquy:

   MR. CONRADY: Ladies and Gentlemen, we believe that the State will fail to meet the burden of proof by proving each and every material allegation of the charge with which the accused stands here today before you on trial. We believe that the State will fail to show, by credible and direct evidence, that Joseph Schultz committed the crime of larceny of domestic animals in this County. We believe that the State will fail to show or be able to place Mr. Schultz at the scene. We believe the State will fail to show that anybody saw him. We believe that the State will fail to show that there is any relationship between the trailer that was found in McClain

   County and tracks that were found in Okmulgee County. We feel that the State will fail to show through credible evidence that Mr. Schultz was the person that presented any cows for sale.

   THE COURT: Counsel, this is a time for laying out what you will prove, not what somebody else will fail to prove. Please confine yourself to opening statement, as to your testimony, and closing argument comes at the end of all.

   MR. CONRADY: Your Honor, thank you. Ladies and Gentlemen, in the event that the State fails to prove their charge, we will ask you to find the Defendant not guilty. Thank you. (Tr. 9–10).

quiry and there is no fundamental error. See, *Luckey v. State,* 529 P.2d 994 (Okl.Cr. 1974). In the case before us, the appellant does not advise us as to what instructions he desired nor does the record disclose that he offered the trial court an instruction on his theory. We find that the instructions given were sufficient. Accordingly, this assignment of error is without merit.

### III

 In his final assignment of error, appellant contends that the sentence imposed is excessive. The question of excessiveness of punishment is to be determined by the facts and circumstances of each case, and unless the sentence is so excessive that it shocks the conscience of the Court, we will not modify a sentence. *Dilworth v. State,* 611 P.2d 256 (Okl.Cr.1980); *Failes v. State,* 589 P.2d 1080 (Okl.Cr.

1979). In view of the overwhelming evidence of the appellant's guilt, we cannot say that a thirty (30) year sentence for a felony committed after former conviction of two felonies is so excessive as to shock the conscience of this Court since it is clearly within the limits provided by statute. See, 21 O.S.1981, § 51(B).

For the above reasons, the judgment and sentence appealed from is **AFFIRMED.**

PARKS, P.J. concurs.

BRETT, J., concurs in results.